MILLER *v.* SOUTHERN EXPRESS COMPANY; *et vice versa.*

1. Where a common lessor let two buildings, with an alley between them, to two tenants, with the right in each to the use of the alley "for the purposes of ingress and egress only," and one of the tenants transacted his business of repairing automobiles in the rear of the building occupied by him, to which place he and his customers obtained access by means of the alley, and the other tenant, an express company, loaded and unloaded its express packages from a side door in the building opening on the alley, a petition brought by the former tenant against the latter, to recover damages for "improper obstruction" of the alley by the loading and unloading of its wagons, does not set forth a cause of action, in the absence of specific allegations that the defendant used and unreasonably obstructed the alley for the purpose indicated, for an unreasonable length of time, to the injury of the plaintiff.

2. The court erred in overruling the demurrer to the petition.

NOVEMBER 17, 1916.

Action for damages. Before Judge Kent. Laurens superior court. October 27, 1915.

*Larsen & Crockett* and *Robert C. & Philip H. Alston*, for plaintiff in error. *J. S. Adams*, contra.

HILL, J. According to the petition in this case, L. W. Miller, the plaintiff, was the lessee of a certain storeroom in Dublin, in the rear of which he hired and repaired automobiles. The defend-

ant, the Southern Express Company, was also the lessee from the same lessor of a certain storeroom on the opposite side of an alley from Miller. Under his contract of lease the plaintiff had "the right, in common with other tenants now renting other buildings from [the lessor], to use of the alley now open between the building now occupied by E. Dreyer and the Southern Express Company, for the purposes of ingress and egress only." The defendant was one of the "other tenants" just referred to, and held under a contract similar to that of the plaintiff, and had "the right, in common with plaintiff, to the use of the aforementioned alley for the purposes of ingress and egress only." It was alleged that the defendant interfered with the plaintiff's enjoyment of the alley, and made improper use of the way, "by leaving its wagon standing in the same for unreasonable lengths of time while the wagon loaded and unloaded at a door opening into said alley, and by not continuing the drive through the alley to the rear of defendant's place of business, and thus leave the way obstructed to the use of plaintiff and those who visited his place in the course of business." Plaintiff and his customers brought their cars to the rear of his building, which was reached by the use of the alley, for repairs and other purposes. This way was for a time the only one to and from the rear of the premises; and although plaintiff's landlord attempted to relieve the situation by opening another way to connect with a back street, it was not as convenient and satisfactory to his customers, and did not save plaintiff from being damaged as set out in the petition. By so obstructing the alley the defendant has injured the plaintiff's business, by preventing his customers from readily and easily passing to the rear of his premises, or from entering at all, and by causing customers to have to wait until the defendant could clear the way; and by reason of the delay thus caused, plaintiff's customers have become dissatisfied with the annoyance attending the bringing of their business to him, and have gone to others where they did not meet with similar inconvenience, and have ceased to patronize plaintiff altogether, or only occasionally. There was a general falling off of the plaintiff's business, due to this cause alone; and he had this knowledge from his customers. Plaintiff often remonstrated with the agent of the Southern Express Company in charge of the business and its employees, regarding the wrongful use and obstruction of the alley,

and protested against its actions; nevertheless the company wilfully and maliciously persisted in its course of action, and continued wantonly to injure plaintiff's business, for which reason, defendant is liable to plaintiff for punitive and exemplary damages. Plaintiff sued for $1000 as damages.

The defendant filed its demurrer to the petition, which was overruled, and it excepted pendente lite; and this exception is now before this court by way of cross-bill of exceptions. The defendant answered the petition, making a denial of its material allegations, and averring that it had abused no privilege granted to it under the contract of rental, and had exercised no authority or control other than that covered by the contract already referred to. The case proceeded to trial, and at the conclusion of the plaintiff's evidence the court granted a nonsuit; to which judgment the plaintiff excepted.

1. In the view we take of this case it is not necessary to consider the exception to the grant of a nonsuit. We think the court erred in overruling the demurrer to the petition. No cause of action is set out by the plaintiff. Each tenant, under their respective contracts, had the right to use the alley for the purpose of "ingress and egress only." What does this language mean? Surely it does not mean, as contended by the plaintiff in error in the main bill of exceptions, that each party was to pass through and over the alley without stopping, and that they could not stop there and transact their accustomed business by loading and unloading their wagons, provided they did it in a reasonable time so as not to injure the other party. The very purpose of the use of the alley was for the transaction of the business of the respective tenants. The business of the defendant in the use of the alley was in loading and unloading its express at a side door in its building, and in doing this it was not exceeding what it had a right to do. The fact that the plaintiff's business was conducted from the rear of his building, and he and his customers had to obtain access through the alley, does not alter the case. The defendant had a right to. the use of the alley for the purpose of entering it with its wagons and of loading and unloading them within a reasonable time. Did the defendant occupy the alley for the transaction of its customary business for an unreasonable length of time, to the injury of the plaintiff? It is true that in the petition it is alleged generally,

and rather loosely, that the defendant was "thus improperly obstructing the said alley," and similar general expressions; but the demurrer only admits facts well pleaded, and the petition nowhere sets out with definiteness facts showing that the defendant improperly obstructed the alley to the injury of the plaintiff. On the contrary, it appears that it was merely doing what it had the right to do; and we think that such general expressions as the above can not amount to allegations that the defendant was using the alley contrary to the meaning of the contract in this case. The plaintiff certainly knew, at the time of entering into the lease contract, that the defendant was one of the "other tenants" then using the alley, because it is so stated in his contract set out in the petition. And the defendant had the right to the use of the alley for the purpose of ingress and egress, which included the right to load and unload its wagons in a reasonable time; and there is nothing to indicate that this was not done, except the most general allegations and conclusions of the pleader, which must be most strongly construed against him.

*Judgment reversed on the cross-bill exceptions. Main bill of exceptions dismissed. All the Justices concur.*