## Long *v.* Faulkner *et al.*

Fish, C. J. Suit was brought by S. M. Long against James Faulkner and David Bailey, alleged to be respectively the mayor and marshal of the City of St. Marys, to enjoin the defendants from their threatened interference with petitioner in the exercise of his right to gather the nuts from an old and large pecan tree growing in Osborne street in St. Marys, sixteen feet from a lot owned by petitioner and bordering on that street, which is one hundred feet in width. On the hearing only the petitioner submitted evidence. The evidence in his behalf showed title in him by prescription to the lot abutting on Osborne street opposite the point where the pecan tree is growing; that the tree was planted by one of petitioner's predecessors in title; that defendants were threatening and preparing to prevent petitioner from gathering the nuts from the tree; and that both of the defendants were insolvent. *Held:*

1. The owner of the lot abutting on a public street or highway is usually presumed to own the fee of the soil under that half of the highway which is contiguous to his land, where it does not appear that the title to the fee is in the public. 4 R. C. L. 78, § 7, cases cited in n. 12. And the fact that the distances and dimensions of the lot when ascertained or as designated are sufficient merely to carry it to the side of a public street or highway does not rebut such presumption. Ib. n. 17; 2 Elliott on Roads and Streets (3d ed.), 310, § 876, n. 5. See *Silvey* v. *McCool*, 86 *Ga.* 1 (12 S. E. 175).

2. Such abutting owner has exclusive right to the soil, subject only, in general, to the easement or the right of passage in the public and the incidental right of properly fitting the street or highway for use and keeping it so. 2 Elliott on Roads and Streets (3d ed.), 311, § 876, n. 6. In other words, such proprietor has all the usual rights and remedies of the owner of the freehold, subject only to the public easement (Ib. n. 7); and the trees growing thereon belong to him, unless needed to repair the way. Ib. n. 12.

3. Where the fee to half of the street is vested in an abutting landowner, subject to the easement in the city for public uses, trees upon the margin or near the sidewalk next to the abutter are his property, although it is within the power of the city to remove the trees in case of public necessity or convenience. *City of Atlanta* v. *Holliday*, 96 *Ga.* 546 (23 S. E. 509). If a tree is his property, it follows, of course, that he owns its fruit.

4. Applying these rulings to the uncontradicted evidence submitted in behalf of the petitioner, the court erred in refusing to grant an interlocutory injunction.

*Judgment reversed. All the Justices concur, except Atkinson, J., disqualified.*

No. 2136. SEPTEMBER 13, 1921.

Petition for injunction. Before Judge Highsmith. Camden superior court. June 16, 1920.

*Cowart & Vocelle,* for plaintiff. *S. C. Townsend,* for defendants.