33334, 33335.   RHODES *v.* PERLIS  (two cases).

DECIDED JANUARY 27, 1951.

*Benjamin Zeesman,* for plaintiffs.

*Haas & Hurt, Charles D. Hurt, Rex T. Reeves, Wright & Reddick,* for defendant.

FELTON, J. In the absence of an allegation to the contrary, the petition will be construed against the pleaders as alleging that the sidewalk abutting the defendant's store building was a public sidewalk. In such case the sidewalk is subject to an easement in favor of the public for the use of the sidewalk, even if ownership of the fee to the sidewalk is in the abutting property owner. *Hanbury* v. *Woodward Lumber Co.,* 98 *Ga.* 54 (26 S. E. 477); *Harrold Brothers* v. *Mayor &c. of Americus,* 142 *Ga.* 686 (83 S. E. 534); *Long* v. *Faulkner,* 151 *Ga.* 837 (108 S. E. 370). The law places upon a municipality the duty of keeping its sidewalks safe for travel in the ordinary manner. Code, §§ 69-301, 69-303; *Hammock* v. *City of Augusta,* 83 *Ga. App.* 217 (63 S. E. 2d, 290). The placing of such responsibility upon municipalities relieves an abutting property owner unless he caused or actively participated in causing the obstruction or defect in the street or sidewalk. *Ellis* v. *Southern Grocery Stores,* 46 *Ga. App.* 254 (167 S. E. 324); *Goldman* v. *Clisby,* 62 *Ga. App.* 516 (8 S. E. 2d, 701); 63 C.J.S., 218, 227, § 861; 41 A.L.R. 212. Cases cited by the plaintiff in error involve cases where

the abutting owner created or caused the defect in the sidewalk, and are therefore not applicable to the facts of this case.

The court did not err in sustaining the general demurrers to both petitions and in dismissing the actions.

*Judgments affirmed. Sutton, C. J., and Worrill, J., concur.*