## 34483. MASON *v.* CROWE *et al.*

DECIDED MAY 13, 1953.

*E. Harold Sheats, Thomas B. Branch, Jr.,* for plaintiff in error.
*Marshall, Greene, Baird & Neely, Ferdinand Buckley, Phillips, Johnson & Williams,* contra.

WORRILL, J. This is the second appearance of this case in

this court. For a statement of the case as originally laid by the petition see *City of East Point* v. *Mason,* and *Crowe* v. *Mason,* 86 *Ga. App.* 832 (72 S. E. 2d 787). After the decision in that case was rendered and before the remittitur had been sent down to the trial court, the plaintiff amended her petition extensively by striking all paragraphs after paragraph 6 and substituting new allegations in their place. The petition as amended alleged: that the defendants had injured and damaged the plaintiff in the sum of $25,000; that Center Street is a public street in the City of East Point; that defendant Crowe owns a tract of real estate abutting the north side of Center Street; that he maintains for the use of himself and his tenants a driveway leading through the center of said tract, which driveway crosses the paved sidewalk on the north side of Center Street; that both defendant Crowe and each of his tenants maintain and operate one or more automobiles in their various businesses; that the said driveway or alley is not paved with any hard surface; that through the use of the said driveway by Crowe and his tenants deep ruts and holes were worn in it; that on or about November 1, 1950, in order to fill in the ruts and holes Crowe had small stones of various sizes from ½ inch to 2 inches in diameter placed in the ruts and holes in the said driveway; that these stones were approximately the same color as the tile with which the sidewalk adjacent thereto was paved; that "Immediately following the filling of said ruts and holes in said alley or driveway with the various size stones by defendant Crowe on or about November 1, 1950, and continually and constantly thereafter various ones of said stones were carried by the automobiles and trucks of the defendant Crowe and his tenants from said alley or driveway onto the paved sidewalk on the northern side of Center Street. . . The stones carried by the automobiles and trucks of the defendant Crowe and his tenants onto said paved highway on the northern side of Center Street did not become pressed into or amalgamated with said sidewalk so as to become a part thereof, but remained loose, hard objects on said sidewalk and likely to cause anyone stepping on them to trip or stumble and fall. . . The presence of said small various sized stones on said sidewalk was not readily determined and particularly so at night because they were

approximately the same color as the tile with which the sidewalk was paved. . . The presence of said small various sized stones constantly on said sidewalk presented a dangerous condition to that portion of the general public using said sidewalk. . . Both defendants knew that beginning with the placing of said stones in said alley or driveway by defendant Crowe in November, 1950, and constantly thereafter, various stones were carried by the trucks and automobiles of defendant Crowe and his tenants from said alley or driveway onto said paved sidewalk, where they remained loose obstructions and presented a dangerous condition to that part of the general public using said sidewalk and particularly dangerous during the night time or early morning before dawn because they were the same color as said sidewalk and not readily seen, yet neither defendant took any steps whatever to remove said stones from the sidewalk or to contain them in said alley or driveway. . . At approximately 6:30 a.m. on the second day of March, 1951, petitioner was walking on the sidewalk on the northern side of Center Street in said City of East Point, when she stepped on one of the loose stones which had been carried from the driveway of defendant Crowe onto the sidewalk of the City of East Point, and lost her balance and fell and broke her left hip. . . Petitioner's fall was caused by the negligence of defendants in not taking the necessary steps to keep said stones in said driveway and off the sidewalk on the northern side of Center Street. . . Defendants were also negligent in allowing said stones to remain on the sidewalk on the northern side of Center Street, where they constituted loose, dangerous obstructions to pedestrians. . . At the time petitioner fell, it was not yet light and she did not see the stone on which she stepped and which caused her to trip and fall."

The defendants filed separate general demurrers to the petition as amended; the trial court sustained both general demurrers and dismissed the action. The exception here is to that ruling.

The action of the trial judge was doubtless taken upon the theory that the amendment to the petition did not materially add to the original petition and that, in view of the ruling rendered by this court on the first appearance of the case here, the

amended petition was subject to general demurrer. In substance all that was held on the first appearance of this case before this court was that the mere accumulation of sand and gravel carried onto the sidewalk (which was not alleged to have been paved or not paved) in a natural and usual way, unmixed with any negligent act of the defendants in causing it to be placed on the sidewalk and without any showing that the defendants had had knowledge of the presence of the gravel on the sidewalk for any specific length of time such as to put them on notice of the dangerous or hazardous condition created thereby, did not authorize a recovery for injuries resulting therefrom. However, in the instant case the amended petition alleges that the sidewalk was a paved or hard-surfaced walk; that the stones in question ranged from ½ inch to 2 inches in diameter; that such stones were carried from the property of the defendant Crowe by the action of Crowe's and others' automobiles in using the alley or driveway; that the presence of these stones on the hard-surfaced walk constituted a hazard or dangerous condition to those using the sidewalk, particularly during the hours of darkness; and that the defendants had had knowledge of the presence of the stones on the sidewalk from the time they were first placed in the driveway on or about November 1, 1950, until the date the plaintiff was injured on March 2, 1951.

A municipal corporation is bound to exercise ordinary care in maintaining its sidewalks and streets in a reasonably safe condition for ordinary modes of travel both by day and by night, and the failure to exercise such care, coupled with knowledge by the defendant of a defect or hazardous condition, will give a cause of action for an injury resulting from such defect. *Coker* v. *City of Rome*, 53 *Ga. App.* 533 (186 S. E. 585) ; *Belcher* v. *City of Atlanta*, 71 *Ga. App.* 595, 597 (31 S. E. 2d 612). Even a minor defect causing an injury is sufficient to authorize a submission to a jury of the question of whether or not a defendant municipality was negligent in permitting it to remain. *Coker* v. *City of Rome*, supra, at p. 354. The petition as amended alleges actual knowledge of the condition on the part of the municipality, and negligence on its part in permitting the defect or hazardous condition to remain after such knowledge, and injury to the plaintiff resulting from the hazardous condition. As

against a general demurrer those allegations were sufficient. See *City of Brunswick v. Glogauer*, 158 *Ga.* 792 (1), 801-812 (124 S. E. 787); *City of Thomasville v. Campbell*, 38 *Ga. App.* 249 (143 S. E. 922); *City of Rome v. Hanson*, 57 *Ga. App.* 222 (194 S. E. 887).

While the owner of abutting property is not liable for defects in the street or sidewalk merely by reason of his ownership of the property, nevertheless where the owner of abutting property causes or contributes to the erection of an obstruction or a defect in the street or sidewalk, he will be liable to one injured thereby, not because of his ownership of the property but because of his negligent acts or omissions in creating the defect or hazard. *Byne v. Mayor &c. of Americus*, 6 *Ga. App.* 48 (2) (64 S. E. 285); *Scearce v. Mayor &c. of Gainesville*, 33 *Ga. App.* 411 (2) (126 S. E. 883); *Ellis v. Southern Grocery Stores*, 46 *Ga. App.* 254 (2) (167 S. E. 324). In such cases all that is essential to state a cause of action is the allegation of facts showing that such defect or hazard in the street or sidewalk was created by some act or omission of the defendant, knowledge by the defendant of the existence of such defect or hazard, and injury to the plaintiff resulting from such defect or hazard. The petition in this case was sufficient to show these factors as against a general demurrer, and the trial court erred in sustaining the general demurrer as to the individual defendant Crowe.

The trial court erred in sustaining the general demurrers of both of the defendants and in dismissing the action as to both defendants.

*Judgment reversed. Sutton, C. J., and Felton, J., concur.*