36252.   BELK-MATTHEWS COMPANY OF MACON *v.*
THOMPSON.

DECIDED SEPTEMBER 20, 1956.

336

R. *Lanier Anderson, Jr., Anderson, Anderson, Walker & Reichert*, for plaintiff in error.

*John D. Mattox, Benning M. Grice,* contra.

CARLISLE, J. ■ Questions as to diligence and negligence including contributory negligence and proximate cause are peculiarly for the determination of a jury and the court will not solve them on demurrer, except in plain and indisputable cases. *International Cotton Mills* v. *Carroll,* 22 *Ga. App.* 26 (95 S. E. 472); *Hodges* v. *Atlanta Gas Light Co.,* 75 *Ga. App.* 105 (42 S. E. 2d 244).

"There may be more than one proximate cause of an injury. *Shermer* v. *Crowe,* 53 *Ga. App.* 418 (3) (186 S. E. 224). It is no defense to an action for an injury resulting from negligence that the negligence of a third person contributed to cause the injury, if the negligence of the defendant was an efficient cause without

which the injury would not have occurred. *Rollestone* v. *Cassirer*, 3 *Ga. App.* 161, 173 (59 S. E. 442). 'In case two or more near and preponderating negligent causes are found to have become effectuated in the same injurious result, the question as to which of the two or more negligent actors is to be held responsible is determined usually in this wise: If the two negligent acts are so related that the first would not probably have resulted in injury if the other had not occurred, and the latter amounts to such a preponderating cause that it probably would have produced the injury even if the first negligence had not occurred, or if the author of the latter negligence, with the intermediate effects of the former negligence consciously before him, is guilty of a new negligent act which preponderates in producing the injurious effect, we say that the first negligent cause is not the proximate cause, that the intervention of the latter negligence breaks the chain of causal connection so far as juridic purposes are concerned. But if two negligent causes stand so related.that neither would have produced a harmful result but for the other, and both of them consist of such acts as, according to the general course of human probabilities, produce some such injurious effect as that which did in fact ensue,—i. e., if both the negligent causes are material factors in producing the injury, and are closely connected with it, and one has not so intervened as to make it the preponderating cause, we say that the two negligent actors are guilty of concurring negligence.' *Atlantic Coast Line R. Co.* v. *Daniels*, 8 *Ga. App.* 775, 780 (70 S. E. 203). 'The proximate cause of an injury may be two separate and distinct acts of negligence acting concurrently in causing the injury. [Citations.] While the causal connection between an act of negligence and a resulting injury is not broken by an intervening act which immediately causes the injury where this act can, in the exercise of due care, be foreseen by the original wrongdoer, the negligence in the intervening act may concur with the negligence of the original wrongdoer in causing the injury, and the perpetrators of both acts may be joint tortfeasors.' *Allyn & Bacon Book Publishers* v. *Nicholson*, 58 *Ga. App.* 729 (199 S. E. 771)." *Callahan* v. *Cofield*, 61 *Ga. App.* 780, 782 (7 S. E. 2d 592).

"A municipal corporation may by reasonable ordinance limit the right of an abutting owner [or occupant] in obstructing the

sidewalk in the exercise of his legitimate business. 'As against a member of the public, injured as a proximate result thereof, a violation of such an ordinance is per se negligent.' *William Bensel Construction Company* v. *Homer*, 2 *Ga. App.* 369 (58 S. E. 489) ; *Brooks* v. *Atlanta*, 1 *Ga. App.* 678 (57 S. E. 1081) ; *City of Thomasville* v. *Campbell*, 38 *Ga. App.* 248 (143 S. E. 922)." *Mason* v. *Frankel*, 49 *Ga. App.* 145 (1) (174 S. E. 546).

"In accordance with the general principles governing the duties and liabilities of private persons and corporations generally with respect to the safety of highways . . . an owner or occupant of abutting premises who has a servitude in the sidewalk or other portion of a public way, for his private benefit, the enjoyment of which involves the disturbance of the surface of the walk or way or otherwise affects its safety, must exercise due care to maintain in safe condition the portion affected by such servitude.and will be liable for injuries proximately resulting from his default in this respect." 25 Am. Jur. 659, § 365. This principle has been cited with approval by this court in *Robertson* v. *Liggett Drug Company, Inc.*, 81 *Ga. App.* 850, 854 (60 S. E. 2d 268).

"While the owner [or occupant] of abutting property is not liable for defects in the street or sidewalk merely by reason of his ownership of the property, nevertheless, where the owner [or occupant] of abutting property causes or contributes to the erection of an obstruction or a defect in the street or sidewalk, he will be liable to one injured thereby, not because of his ownership [or occupancy] of the property, but because of his negligent acts or omissions in creating the defect or hazard. *Byne* v. *Mayor &c. of Americus*, 6 *Ga. App.* 48 (2) (64 S. E. 285) ; *Scearce* v. *Mayor &c. of Gainesville*, 33 *Ga. App.* 411 (2) (126 S. E. 883) ; *Ellis* v. *Southern Grocery Stores*, 46 *Ga. App.* 254 (2) (167 S. E. 324). In such cases all that is essential to state a cause of action is the allegation of facts showing that such defect or hazard in the street or sidewalk was created by some act or omission of the defendant [owner or occupant], knowledge by the defendant of the existence of such defect or hazard, and injury to the plaintiff resulting from such defect or hazard." *Mason* v. *Crowe*, 88 *Ga. App.* 191, 195 (76 S. E. 2d 432). See also in this connection *Rhodes* v. *Perlis*, 83 *Ga. App.* 312 (63 S. E. 2d 457).

Under an application of the foregoing principles of law to the

facts of the present case, the plaintiff stated a cause of action against the defendant and the trial court did not err in overruling the general demurrer to her petition. She alleges that the defendant reconstructed the sidewalk abutting its store for its own private use and benefit; that in doing so, it used a material which is inherently slick and dangerous to persons walking upon it and which is particularly dangerously slick when wet or covered with foreign substances; that in its reconstruction the defendant raised the sidewalk to a higher level and changed its grade to one greater than is in common use in the business district of the city. She charges that these actions of the defendant were in contravention of applicable city ordinances. As against demurrer these allegations of fact must be taken as true, and an examination of the ordinance in question showed this to be the case. She charges the defendant with actual knowledge of the defect and hazard which its reconstruction of the sidewalk created and with negligence in continuing to maintain the defect and hazard in the sidewalk after such knowledge, and with negligence in failing to warn the public of its presence. While it is alleged that the plaintiff, while walking on the sidewalk reconstructed by the defendant, stepped upon a segment of an orange and was caused to fall, she alleges that her fall was "due to the fact that *the terrazzo sloped* northerly and southerly and was wet from the orange."

While the defendant is not charged with actual knowledge of the presence of the particular segment of orange on the sidewalk, and would not be liable if the segment of orange *alone* had occasioned the plaintiff's fall and injuries, under an application of the test stated in the *Callahan* case, supra, it was a question for the jury's determination whether the defendant's alleged negligence was one of the efficient concurring proximate causes of the plaintiff's fall; that is to say, the question of whether or not the defendant's negligence combined with the negligence of some third party, who threw the orange segment upon the sidewalk, to cause the plaintiff's injuries, and whether or not the presence of such a foreign substance upon the sidewalk was to be reasonably foreseen by the defendant and whether such negligence was to be reasonably foreseen by the defendant to combine with its negligence to cause members of the public to sustain falls and injury, were questions for the jury's determination.

None of the special demurrers, not elsewhere dealt with, is worthy of mention save that objecting to the allegation in the petition that the defendant "was aware that other persons, not knowing it [the terrazzo sidewalk] to be slick and dangerous, had slipped and fallen while attempting to walk upon it under substantially the same circumstances as described here," upon the grounds that this allegation seeks to introduce immaterial and irrelevant matter hurtful to the defendant and that it is not alleged that if other persons did fall, they fell under exactly the same circumstances and at the same location as the plaintiff. The allegation is that there had been other such occurrences *"under substantially the same circumstances."* The question of the relevancy of such an allegation has been decided adversely to the defendant in *L. & N. R. Co.* v. *Bean,* 49 *Ga. App.* 4, 5 (1a) (174 S. E. 209) and *City of Brunswick* v. *Glogauer,* 158 *Ga.* 792, 817 (124 S. E. 787).

*Judgment affirmed. Gardner, P. J., and Townsend, J.,* concur.