37903. SPINDEL, by Next Friend *v.* GULF OIL CORPORATION *et al.*

324

DECIDED SEPTEMBER 17, 1959—REHEARING DENIED
OCTOBER 5, 1959.

*Cook, Llop & Long, Joseph L. Llop,* for plaintiff in error.

*Greene, Neely, Buckley & DeRieux, John D. Jones,* for Gulf Oil Corporation.

*Nall, Miller, Cadenhead & Dennis, B. Carl Buice,* for Broadview Plaza, Inc.

*Marvin G. Russell, Turner Paschal,* for Roy Price.

TOWNSEND, Judge. ■ Pleadings couched in ambiguous or alternative language will, on demurrer, be given the construction most unfavorable to the pleader. *Doyal v. Russell,* 183 *Ga.* 518 (3) (189 S. E. 32). So construed, it appears that Broadview Plaza, Inc., was the owner of the premises generally; that Gulf Oil Corporation was the owner of the service station and Price operated it; that the right-of-way in question was a common way leading to the service station but used both by patrons of the service station and patrons of the shopping center; that it is owned by Broadview Plaza, Inc.; that the service station operators and customers and others having business with it have a right of user of the way; that the rope was placed at the entrance to the way. The legal conclusion to be drawn from these facts is that the defendant Broadview Plaza, Inc., which caused the rope to be erected owns the right-of-way and entrance thereto, and that the service station and its patrons have a right of user thereover, in other words, an easement of passage. The owner of such an easement has qualified rights thereover; if the owner of the fee or a co-user should block the passage he may sue in trespass, but to do so he must show that the obstacle is an improper one, either by reason of its nature, the length of time it was left in place, or like matter. *Miller v. Southern Exp. Co.,* 146 *Ga.* 173 (91 S. E. 24). The rope was placed by an agent of Broadview Plaza, Inc., on the property of Broadview Plaza, Inc., in such manner as to prevent entrance into the right-of-way (also the property of Broadview Plaza, Inc.) leading from its premises to the premises of the service station. This right-of-way is alleged to be "the only route that the plaintiff could have used to reach the gas station from the Plaza owned by defendant Broadview Plaza, Inc." but fails to allege it is the only access to the station; indeed, it appears that it was situated "on the southwest corner of said

property", and it is elsewhere stated that the Plaza is bounded on the south by Piedmont Road and on the west by Marion Road, which places the service station on the corner of these two streets, with access to both of them. The barrier was not on the property of the Gulf Oil Corporation. Code § 105-401, which places on the owner or occupier of land the duty to keep his premises and approaches safe for invitees, refers to premises under the control of the owner or occupier, not to premises over which he has a mere easement of passage, and which belong to another. The only negligence alleged against Gulf Oil Corporation and its operator, Price, is that they, knowing the rope was in place, failed to remove it or warn the plaintiff of its presence. Under the circumstances alleged no duty is shown on these defendants to take such action, particularly in the absence of allegations that the station was open for business; that these defendants had knowledge of the plaintiff's approach, or that the rope had been in place for an unreasonable length of time. The petition fails to show that Gulf Oil Corporation or Price breached any duty which they owed to the plaintiff, and it was not error for the trial court to sustain their demurrers to the petition and to dismiss them as party defendants.

■ It is strongly contended by counsel for Broadview Plaza, Inc., that the petition shows on its face that the plaintiff was a mere licensee, for which reason this defendant's only duty was to refrain from wilfully or wantonly injuring him, and that the petition fails to show such a state of facts. Although the petition is deficient in failing to allege, except as a conclusion, facts showing the plaintiff to be an invitee, it does allege that the premises of this defendant were open to the public at the time of his injuries and that he was lawfully and rightfully on the premises at its invitation. It is alleged that the premises comprised a shopping center. Although this court can take judicial notice that the date of the injuries was a Sunday, it will not presume that all of the shopping center was closed for business on that day in the face of the allegation that it was open to the public, since there are businesses, such as drug stores and service stations, which operate on Sunday. The plaintiff fails to allege that the invitation extended to the part of the premises where

he was injured (as to which see *Piggly Wiggly, Macon, Inc.* v. *Kelsey,* 83 *Ga. App.* 526, 64 S. E. 2d 201) but for the purposes of general demurrer it is not necessary to decide whether he was in fact an invitee or licensee since one owes to any person the duty to exercise ordinary care to avoid injuring him where his presence is either actually known or reasonably to be anticipated. *Georgia Power Co.* v. *Deese,* 78 *Ga. App.* 704 (51 S. E. 2d 724). It is alleged that the sky was gray and dark at the time, that the rope was of a color similar to the pavement, placed in an inconspicuous manner on an uphill grade, that it blended in color with the pavement, and constituted a trap and dangerous condition. That such allegations are sufficient to state a cause of action based on ordinary negligence as against a general demurrer, see *Doby* v. *W. L. Florence Const. Co.,* 71 *Ga. App.* 888 (32 S. E. 2d 527). The petition is accordingly sufficient to present a jury question, both as to whether it negligently breached any duty which it owed to the plaintiff and whether such negligence, if it existed, was the proximate cause of the plaintiff's injuries.

The trial court erred in sustaining the general demurrer of the defendant Broadview, Inc. The trial court did not err in sustaining the general demurrers of the defendants Gulf Oil Corp. and Price.

*Judgment affirmed in part and reversed in part. Gardner, P. J., and Carlisle, J., concur.*