42115. SCOGGINS, Administrator v. CAMPBELLTON PLAZA CORPORATION et al.

---

[1]This case was tried in 1965 prior to Ga. L. 1966, pp. 493, 495.

ARGUED JUNE 8, 1966—DECIDED JULY 1, 1966.

*Reeves & Collier, Rex T. Reeves, Merrill Collier,* for appellant.
*Marvin G. Russell, Turner Paschal, Douglas Dennis,* for ap-
pellees.

HALL, Judge. ■ In support of the summary judgment in its
favor, Kroger contends that it cannot be held liable for the
plaintiff's injuries because its lease under which it occupied the
store provided that the lessor had control of and the obligation to
keep in repair the sidewalk and parking area which the ramp
joined, and that Kroger had only an easement in these areas
used in common by the tenants of the shopping center.

Section 105-401 of the Georgia Code provides: "Where the owner or occupier of land, by express or implied *invitation*, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises *and approaches* safe." (Emphasis supplied). Irrespective of the duties and obligations between Kroger and its lessor, the pleadings and evidence before the court show that Kroger invited the plaintiff to use the ramp which had been constructed at its request as a facility to its business. Kroger, therefore, owed the plaintiff as its business invitee a duty to exercise ordinary care to keep the ramp safe for her use. *Macon Telegraph Pub. Co. v. Graden,* 79 Ga. App. 230 (53 SE2d 371); *Robertson v. Liggett Drug Co.,* 81 Ga. App. 850 (60 SE2d 268); *Belk-Matthews Co. v. Thompson,* 94 Ga. App. 331, 338 (94 SE2d 516); *Mason v. Crowe,* 88 Ga. App. 191, 195 (76 SE2d 432). Accord Feir v. Town & City of Hartford, 141 Conn. 459 (106 A2d 723, 725); Watts v. Rhodes, 325 Mass. 697 (91 NE2d 925, 926); 32 Am. Jur. 698, § 819. This decision is not inconsistent with that in *Spindel v. Gulf Oil Corp.,* 100 Ga. App. 323 (111 SE2d 160), upon which Kroger relies.

■ Kroger contends that there was no evidence creating a genuine issue that Kroger had actual or constructive notice of the alleged slippery condition of the ramp. On hearing the motion for summary judgment the trial court considered evidence that Kroger was the occupier of the store building as lessee for a term commencing on November 1, 1955, that in operating under its lease Kroger employees each morning swept the sidewalk adjacent to the ramp into the parking lot; that Kroger employees had used the ramp to roll carts of groceries to customers' cars each day the store was open; and that the ramp was slippery in 1960 during the month of December and on December 30, when the plaintiff fell. The length of time which must exist to show that the defendant had an opportunity to discover the defect will vary with the circumstances of each case (nature of the business, size of the store, the number of customers, the nature of the dangerous condition, and its location). 65 CJS 547, 548, § 51. The evidence outlined above created an issue of fact

whether the ramp had been slippery for a length of time sufficient to give Kroger an opportunity to observe the condition and thereby give it at least constructive knowledge of the dangerous defect. Accord *City of Thompson v. Poss,* 93 Ga. App. 663 (92 SE2d 557).

3. Kroger contends that the evidence shows that the alleged slippery condition of the ramp was not the cause of the plaintiff's injuries because of evidence of statements the plaintiff made prior to the hearing as to the cause of her fall. These statements were that the fall occurred when her "shoe heel caught in or on the sidewalk (broken in three places) with left foot sliding in or on asphalt runway leading from sidewalk to street," and that she fell "while walking down a ramp at Campbellton Plaza Shoppin Center at Kroger's . . . she tripped on a break in the pave ment. . ." Even if these statements were inconsistent witl the plaintiff's testimony on the hearing, their effect on the plaintiff's credibility would be for a jury to determine. *Travelers Ins. Co. v. Miller,* 104 Ga. App. 554, 563 (122 SE2d 268).

A genuine issue of material fact being presented by the pleadings and evidence, the trial court erred in granting the summary judgment.

*Judgment reversed. Nichols, P. J., and Deen, J., concur.*