46334.   ELMORE OF EMBRY HILLS, INC. v. PORCHER et al.
46335.   PORCHER v. J. H. HARVEY COMPANY, INC. et al.

ARGUED JUNE 29, 1971—DECIDED SEPTEMBER 9, 1971.

*Reinhardt, Ireland, Whitley & Sims, Glenn Whitley,* for Elmore.
*Williams & Holton, Elie L. Holton,* for Porcher.
*Young, Young & Ellerbee, Joseph E. Vallotton, Cam U. Young,* for Harvey.
*Memory & Thomas, S. F. Memory, Jr.,* for Sears.

EVANS, Judge. Mrs. Ruth Porcher sued the owners of a shopping center and three of the tenants thereof for personal injuries incurred when she tripped and fell on an obstruction in the sidewalk. Two of the defendants, operators of stores in the shopping center, filed motions for summary judgment, and the trial court granted the motion of one defendant and overruled the motion of the other. Elmore of Embry Hills, Inc., defendant, appeals from the judgment refusing to grant its motion for summary judgment,

and Mrs. Porcher appeals from the judgment granting the motion for summary judgment filed by J. H. Harvey Company, Inc. Thus, these two motions for summary judgment are now before this court for decision.

Mrs. Porcher's complaint alleged that the obstruction in the sidewalk was six feet south of the southwest corner of the building occupied by Elmore. Her deposition was taken and there, in response to the question as to whether the obstruction on the sidewalk was in front of Elmore's store or in front of a vacant area, she testified: "I would say in front of the vacant area." The record is silent as to what party occupied or controlled said vacant area.

All of the litigants in these appeals have settled on three Georgia cases as the principal guidance for this court in determining where a store-owner's liability begins and ends with respect to keeping the sidewalks and approaches to his store in a safe condition. These cases are: *Belk-Matthews Co. v. Thompson*, 94 Ga. App. 331 (1) (94 SE2d 516); *Spindel v. Gulf Oil Corp.*, 100 Ga. App. 323 (1) (111 SE2d 160); and *Scoggins v. Campbellton Plaza Corp.*, 114 Ga. App. 23 (1) (150 SE2d 179).

We have studied these cases carefully, and still come up short of a definite and clear answer to this question. *Code* § 105-401 provides: "Where the owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe." What is meant by the term "premises and approaches"? Of course, the *premises* must constitute the actual store building and lot of land on which it rests, which is under the actual dominion and control of the owner or occupier. But *approaches* is a more complex and bothersome term and is more difficult of definition. The plaintiff might say that her entire route from home to the store was a part of her "approach," but it could hardly be contended that the shopkeeper was responsible for this entire stretch of travel. The shopkeeper might contend that the strip of sidewalk immediately in front of the door to his building, and of the same width as said door, was the approach, but surely this would be too narrow a construction. We have found no clear-cut answer, but it is our opinion that

each owner or occupier is responsible for keeping the sidewalk immediately in front of and adjacent to his store in safe condition, and that the responsibility for the parking area, and those stretches of pavement that are not in front of the premises of any owner or occupier, must be borne by the owner and operator of the shopping center, provided he has retained control of same. It would not seem proper to require a store owner or occupier to be responsible for the safe condition of the sidewalk five hundred feet away from his store and directly in front of some other owner or occupier's store, simply because it was in the direct route of travel to defendant's store, and to that extent constituted an "approach" to his store.

That is not to say, however, that an occupier would not be liable for an obstruction that he creates or maintains, whether directly in front of his building or not; nor that he would not be liable for an affirmative act of his which creates a dangerous condition, even though it is in the parking area, or directly in front of the building of another owner-occupier. And, of course, he might extend the "approach" to his premises beyond the limits thereof by some positive action on his part, such as constructing a sidewalk, ramp, or other direct approach, and for his negligence in not keeping same in safe condition he would be liable. But, it is our opinion that, absent some condition such as outlined above, the term "approaches" as used in *Code* § 105-401, refers to the sidewalk or other approach that is directly contiguous, adjacent to, and touching the premises under control of the owner or occupier.

In the *Scoggins* case, supra, an owner-occupier was held liable for the safe condition of a ramp between the sidewalk and parking area, but he had requested the shopping center to install said ramp as an approach to his place of business and for his particular benefit.

In the *Spindel* case, supra, it was held that an owner-occupier has no liability for the unsafe condition of a means of access to his premises, where same was obstructed at the entrance of a common way connecting two places of business, which way belongs to the other property owner. Thus the mere fact that this was an "approach" to defendant's place of business was not enough to make him responsible therefor. In that case (p. 326),

this court said: "*Code* § 105-401, which places on the owner or occupier of land the duty to keep his premises and approaches safe for invitees, refers to premises under the control of the owner or occupier, not to premises over which he has a mere easement of passage, and which belong to another. The only negligence alleged against Gulf Oil Corporation and its operator, Price, is that they, knowing the rope was in place, failed to remove it or warn the plaintiff of its presence." A discussion of some of the principles here involved may be found in the *Belk-Matthews* case, supra, p. 338.

Hence, we find that the trial court erred in failing to grant the motion for summary judgment of Elmore; and properly granted the motion for summary judgment of Harvey.

*Judgment reversed in Case No. 46334; affirmed in Case No. 46335. Jordan, P. J., and Quillian, J., concur.*