47627. BAILEY v. WOHL SHOE COMPANY et al.

STOLZ, Judge. In this case the plaintiff sustained certain injuries as the result of a slip and fall and sued Wohl Shoe Co., Wohl Shoe Co. of Georgia, R. H. Macy & Company, d/b/a Davison's in Atlanta, Mrs. Nina West Russom and the City of East Point. Defendant Mrs. Russom was alleged to have been in control of a driveway which crossed a public sidewalk, in which there was a deep crack, which had been allowed by the joint defendants Russom and City of East Point to exist for a long period of time prior to the date of the plaintiff's accident. The plaintiff allegedly struck her

arms and head against a rock wall when she fell on the property owned by Mrs. Russom. After interrogatories were taken from the parties and the plaintiff's deposition was taken, defendant Mrs. Russom made a motion for summary judgment. This evidence showed that the plaintiff was aware of the crack and had been for a number of years; that the driveway was slanted (inclined/declined); that, as she started across the driveway, her feet began to slide out from under her and, as she pitched forward, her foot hit the "crack" and she fell into the wall; that the wall was not on Mrs. Russom's property but on that of a neighbor, Mrs. Teal; that the weather was fair and sunny; that the plaintiff had lived in the neighborhood for 20-21 years; that she had walked the sidewalk many, many times; that the plaintiff knew that the "crack" in the concrete had been there several years; that the "crack" in the concrete was in reality a raised edge or "lip," formed when a former neighbor had his driveway paved 10-12 years previously, and the concrete had spread over onto defendant Mrs. Russom's driveway. The trial court sustained the defendant Mrs. Russom's motion for summary judgment and the plaintiff appeals. *Held:*

Generally, the owner of property abutting a public sidewalk in a municipality, is not liable to a member of the public for injuries resulting from a defect in such sidewalk which was not caused or created by the abutting owner, as the law places upon the municipality the duty of keeping the sidewalks safe for travel in the ordinary manner. *Reed v. Batson-Cook Co.,* 122 Ga. App. 803, 805 (178 SE2d 728); Code §§ 69-301, 69-303; *Rhodes v. Perlis,* 83 Ga. App. 312 (63 SE2d 457); *City of East Point v. Mason,* 86 Ga. App. 832, 834 (72 SE2d 787).

The record discloses that the "crack" or "lip" was not created by defendant Mrs. Russom. Further, the evidence conclusively shows that the plaintiff had been

fully aware of the condition of the sidewalk for years and had traveled across it "many, many times." In cases of this nature, the plaintiff must show that at least two elements exist: (1) Fault on the part of the property owner, and (2) ignorance of the defect on the part of the injured party. See *Hill v. Davison-Paxon Co.*, 80 Ga. App. 840 (57 SE2d 680). "If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover." Code § 105-603. Where the danger is apparent, or is reasonably to be apprehended, the rule requiring the plaintiff to avoid the consequences of the defendant's negligence applies. *Collins v. Augusta-Aiken R.' &c. Corp.*, 13 Ga. App. 124 (2) (78 SE 944).

The trial court correctly sustained defendant Mrs. Russom's motion for summary judgment.

*Judgment affirmed. Bell, C. J., Eberhardt, P. J., Deen, Quillian and Clark, JJ., concur. Hall, P. J., concurs in the judgment. Pannell and Evans, JJ., dissent.*

ARGUED NOVEMBER 6, 1972 — DECIDED MARCH 2, 1973.

*Saul Blau,* for appellant.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Warren C. Fortson,* for appellees.

EVANS, Judge, dissenting. This is a suit for personal injuries accruing when plaintiff slipped and fell. Mrs. Ruth Bailey sued Wohl Shoe Co., Wohl Shoe Co. of Georgia, R. H. Macy & Company, d/b/a Davison's in Atlanta, Mrs. Nina West Russom and the City of East Point, for negligence arising out of the sale to her of a new pair of shoes by defendants Wohl Shoe Co. of Georgia and Macy's (Davison's) causing her to fall on a defective driveway of defendants Russom and the City of East Point. It was alleged that the shoes were inherently dangerous in composition and construction, which was

known to defendants Wohl Shoe Co., Wohl Shoe Co. of Georgia, and R. H. Macy & Company, Inc., or should have been known to said defendants. Plaintiff alleged said condition caused her feet to slip from under her, and that in trying to regain her balance, she caught the toe of her shoe in a crack in the cement in the driveway of the defendant, Mrs. Nina West Russom. Plaintiff alleged said driveway was under Mrs. Russom's control where it crossed the public sidewalk, which sidewalk was maintained by the City of East Point. The crack in the cement was alleged to have been a deep crack which had been allowed by the defendants, Mrs. Russom and the City of East Point, to exist for a long period of time.

Defendant Russom filed a motion for summary judgment, based upon the pleadings, the deposition of the plaintiff, and Mrs. Russom's affidavit. After hearing the evidence, motion for summary judgment in favor of Mrs. Russom was granted, and plaintiff's complaint, as to this defendant, was dismissed.

In her motion for summary judgment, defendant Russom relies heavily on this court's decisions in *Rhodes v. Perlis,* 83 Ga. App. 312 (63 SE2d 457) and *City of East Point v. Mason,* 86 Ga. App. 832 (72 SE2d 787). She submitted evidence to show there was no actual "crack" in the driveway, but instead there was a raised cement lip created by the pouring of cement in the adjacent driveway of her neighbor, whereby cement was allowed to overlap into Mrs. Russom's driveway. However, plaintiff's pleadings and testimony showed that her new shoes "and the slanting sidewalk" caused her feet to slip and "if it hadn't been for *that crack* and *that blob of higher cement* I would have been able to have stopped sliding and have not got hurt so bad." Thus an issue was created as to whether or not it was the "crack" or the "overlap of cement" that played a part in causing plaintiff to fall.

Defendant's exhibits show the "crack" in the driveway,

and although defendant contends plaintiff's injuries were caused by the "lipping" effect of the concrete occasioned by the pouring of concrete in her former neighbor's driveway ten years ago, this contention is issuable, and has not been removed by defendant so as to warrant the grant of summary judgment in her behalf.

According to defendant's contentions, she had allowed this dangerous condition to exist on her driveway for a number of years. Thus, this also creates an issue to be solved by the jury as to whether defendant was negligent in knowingly allowing such defective condition to exist for a long period of time. See *Capitol Automobile Co. v. G. M. A. C.,* 119 Ga. App. 186 (166 SE2d 584); *Southern R. Co. v. Floyd,* 119 Ga. App. 605 (168 SE2d 197); *Chastain v. Atlanta Gas Light Co.,* 122 Ga. App. 90 (2, 3) (176 SE2d 487); *Hodges v. Youmans,* 122 Ga. App. 487 (177 SE2d 577); *Candler General Hospital v. Purvis,* 123 Ga. App. 334 (1, 3) (181 SE2d 77).

A party may be very familiar with a defective condition on the floor of another, or on a sidewalk, or other place, but if he had *no knowledge of the danger* connected therewith, he may recover. *Townley v. Rich's, Inc.,* 84 Ga. App. 772, 776 (67 SE2d 403). There is a difference between *mere knowledge of a defect and full appreciation of the risk* involved. *Scott v. Rich's, Inc.,* 47 Ga. App. 548 (171 SE 201); *Burns v. Great A & P Tea Co.,* 105 Ga. App. 823, 825 (125 SE2d 687); *Beck v. Wade,* 100 Ga. App. 79, 83 (110 SE2d 43); *Clayton v. Steve-Cathey, Inc.,* 105 Ga. App. 570 (125 SE2d 118). Thus, "knowledge of defects" is not necessarily "knowledge of danger." *Burns,* supra. Even though premises are *out of repair, but not obviously dangerous,* plaintiff is not accounted negligent in using same. *Mathis v. Gazan,* 51 Ga. App. 805, 808 (181 SE 503).

There is not a word of evidence to suggest that plaintiff *knew of the danger* involved in using the driveway. How was she to get home except by using the sidewalk and thus traverse the driveway of Mrs. Russom as it crossed

the sidewalk? She could have walked into the street, and thus become a jay-walker and subjected herself to the risk of sudden death by being hit by an automobile. Surely this would have been more negligent on her part than to use the sidewalk, being familiar with the defect therein, *but having no knowledge whatever of the danger.* Could Mrs. Russom maintain a negligent and unsafe condition on her driveway as it crossed the sidewalk and yet charge plaintiff with negligence unless plaintiff walked out into the street to avoid this condition?

As to the second premise, to wit, that Mrs. Russom did not cause the dangerous condition in her driveway and that plaintiff therefore cannot recover of her, the law is to the contrary. An abutting landowner is not only liable for his *creation* of an unsafe condition on that part of the sidewalk under his control or as to which he has a servitude (such as the driveway over the sidewalk in this case), but he is liable also for *maintaining* such unsafe condition, no matter who originally created same. Mrs. Russom's affidavit, attached to her motion for summary judgment, admits that this condition has existed for the past 10 or 12 years when her neighbor had his driveway paved. She deposes: "When the concrete was poured for his driveway *it spread over onto my driveway and onto the sidewalk,* of the City of East Point, all as depicted by the designated 'crack in concrete on the plat, etc. . . .' " (Emphasis supplied.) In *Belk-Matthews Co. v. Thompson,* 94 Ga. App. 331 (1) (94 SE2d 516), it is held: "An owner or occupant of abutting premises who has a servitude in the sidewalk for his private benefit, the enjoyment of which involves the disturbance of the surface of the walk or otherwise affects its safety, *must exercise due care to maintain in safe condition the portion affected by such servitude and will be liable for injuries proximately resulting from default in this respect."* (Emphasis supplied.) And see further discussion at p. 338. Again, in *Elmore of Embry Hills v. Porcher,* 124 Ga. App. 418, 420

(183 SE2d 923), we held: ". . . each owner or occupier is responsible for keeping the sidewalk immediately in front of and adjacent to his store in safe condition. . . "

So, Mrs. Russom cannot escape by saying that while *she did not originally create* the unsafe condition in her driveway over the sidewalk, she did maintain it for 10 or 12 years, in such unsafe condition.

Applying the well-known principles that relate to motions for summary judgment, I do not believe summary judgment should have been granted defendant Russom in this case. I would, therefore, reverse the lower court.

I am authorized to state that Judge Pannell joins in this dissent.