## 74594. TODD v. F. W. WOOLWORTH COMPANY.
(363 SE2d 564)

McMURRAY, Presiding Judge.

In this slip and fall case, we are concerned with the responsibility of an owner or occupier to exercise ordinary care to keep its premises and approaches safe for invitees. Specifically, we must determine whether an owner's or occupier's responsibility in this regard extends to a public plaza abutting the premises.

The F. W. Woolworth Company operates a department store in downtown Atlanta near the MARTA Five Points Rail Station. One side of the store faces Forsyth Street; the other side faces Broad Street. In the vicinity of the store, Broad Street has been converted into a pedestrian plaza. The plaza provides pedestrian access to the MARTA rail station for the general public. It was built immediately adjacent to the store. Thus, when a person leaves the store on the Broad Street side, he or she steps directly from the premises to the pedestrian plaza. Woolworth's controls the premises which the store occupies; it does not, however, control any portion of the pedestrian plaza.

On December 28, 1983, Larry Robinson, manager of the Woolworth store, went to work early in the morning. He walked along Forsyth Street and noticed that it was icy downtown and that people were slipping and sliding on the sidewalk in front of the store. Mr. Robinson entered the store at about 7:30 a.m. Although he did not view the Broad Street side of the store, he assumed that ice had accumulated on the pedestrian plaza.

Later that morning, plaintiff, a 62-year-old woman, woke up and got dressed for work. It was cold — so plaintiff put on several layers of clothing. At about 9:00 a.m., plaintiff took a bus downtown. She got off the bus on Forsyth Street about one block from the Woolworth

store. As she walked along Forsyth Street, plaintiff noticed that the ground was damp; but she did not see any accumulations of snow or ice.

Plaintiff entered the Woolworth store on Forsyth Street in order to buy a lunch for work. After making her purchase, plaintiff exited the store on Broad Street. She glanced at a display window, took about three steps and slipped and fell on the pedestrian plaza, sustaining a fractured ankle. The slip took place on a patch of "clear, glazed ice." Woolworth's manager and an unidentified gentleman carried plaintiff back into the store. An ambulance was summoned and plaintiff was taken to the hospital. Following surgery, plaintiff remained in the hospital for about one week.

Six months later, plaintiff brought this lawsuit against the F. W. Woolworth Company. The complaint, as amended, was based upon two theories of liability. First, it was alleged that defendant was negligent in that it failed to exercise ordinary care to keep its premises and approaches safe for invitees. Second, plaintiff charged that defendant was negligent per se in that it breached a City of Atlanta ordinance which requires establishments fronting sidewalks to clear accumulations of ice and snow from the sidewalks within a reasonable time after the accumulation.

Defendant answered the complaint and denied the material allegations therein. Following discovery, the case proceeded to trial. At the close of all the evidence, defendant moved for a directed verdict. The trial court took the motion under advisement and let the case go to the jury. A verdict in favor of plaintiff in the amount of $63,000 was returned. Prior to the entry of judgment, defendant orally moved for judgment notwithstanding the verdict. That motion was also taken under advisement by the trial court. Thereafter, defendant's motion for directed verdict was granted and judgment was entered accordingly. This appeal followed. *Held*:

1. The seminal question for decision is whether defendant owed a duty to plaintiff with regard to the accumulation of ice on the pedestrian plaza. Citing *Elmore of Embry Hills v. Porcher*, 124 Ga. App. 418 (183 SE2d 923), plaintiff argues that defendant was responsible for keeping the plaza safe for invitees and that, therefore, defendant had a duty to remove the ice or to warn plaintiff of its presence. Relying upon *Spindel v. Gulf Oil Corp.*, 100 Ga. App. 323 (111 SE2d 160), defendant asserts it had no duty whatsoever with regard to the ice because it did not control any portion of the plaza. Given the facts of this case, we do not find these authorities decisive. Why? Because *Elmore of Embry Hills v. Porcher*, 124 Ga. App. 418, supra, and *Spindel v. Gulf Oil Corp.*, 100 Ga. App. 323, supra, deal with obstructions on adjacent, privately owned property. In this case, on the other hand, we are concerned with an accumulation of ice on an abutting public,

pedestrian thoroughfare.

It has long been the rule that the owner or occupier of premises abutting a public sidewalk cannot be held liable for injuries stemming from an obstruction on the sidewalk unless he caused or contributed to the obstruction. *Rhodes v. Perlis*, 83 Ga. App. 312 (63 SE2d 457); *Mason v. Crowe*, 88 Ga. App. 191, 195 (76 SE2d 432). *Belk-Matthews Co. v. Thompson*, 94 Ga. App. 331 (94 SE2d 516). This rule is equally applicable to accumulations of ice on a public sidewalk: "In the absence of a statutory provision to the contrary, the owner of property owes no duty to pedestrians to keep the sidewalk in front of it free from ice and snow coming thereon from natural causes or by the acts of others, or to guard against the risk of accident by scattering ashes or using other like precautions, and will not be liable in damages to persons injured by reason of his failure to do so. This general rule, however, is not applicable where such property owner constructs or maintains upon his property gutters, conductor pipes, or other structures or channels, in such a manner as to cause an artificial discharge and accumulation of water upon the sidewalk, which, when frozen, makes the use of the sidewalk dangerous." Annot., 18 ALR3d 428, 432 (1968).

No evidence was presented to suggest that defendant caused or contributed to the accumulation of ice on the pedestrian plaza. Accordingly, we hold that defendant owed no duty to plaintiff to remove the ice on the plaza or to warn plaintiff of its presence. *Rhodes v. Perlis*, 83 Ga. App. 312, supra. See also *Olson v. City of St. James*, 380 NW2d 555, 560 (3) (Minn. App. 1986). Our holding is apt even though plaintiff was an invitee who fell after she left defendant's store. *Tripp v. Granite Holding Co.*, 450 P2d 99, 100 (Utah 1969), and cases cited therein at fn. 3. In cases of this kind, unlike those cases in which a person is injured on the property of a landowner, the status of the injured person (whether invitee, licensee or trespasser) is of no consequence. See *McKinley v. Fanning*, 595 P2d 1084, 1086 (Idaho 1979).

2. The City of Atlanta ordinance requiring establishments fronting sidewalks to clear accumulations of ice and snow from the sidewalks does not aid plaintiff's cause. The ordinance creates a duty to the city; it does not create liability in favor of third persons. See *Goldman v. Clisby*, 62 Ga. App. 516 (2) (8 SE2d 701). See also *Johnson v. J. S. Bell &c. Co.*, 202 Va. 274 (117 SE2d 85, 82 ALR2d 995) (1960).

*Judgment affirmed. Sognier and Beasley, JJ., concur.*

Decided November 3, 1987 —
Rehearing denied November 17, 1987 — 

Leigh R. Bodner, for appellant.
Thurbert E. Baker, for appellee.