45273. TODD v. F. W. WOOLWORTH COMPANY.
(366 SE2d 674)

GREGORY, Justice.

Mamie Todd sued Woolworth for damages arising out of injuries suffered in a fall on an ice covered public sidewalk or "pedestrian plaza" just at the entrance to Woolworth's store. The jury returned a verdict for Todd but the trial court granted Woolworth's motion for directed verdict on which a ruling had been reserved until after verdict. The Court of Appeals affirmed. *Todd v. F. W. Woolworth Co.,*

184 Ga. App. 864 (363 SE2d 564) (1987). We reverse.

There was evidence presented to the jury sufficient to establish the following facts: Woolworth leased a building in downtown Atlanta where it operated a store. The store had entrances and exits on both Forsyth Street and a public pedestrian plaza known as Broad Street Viaduct, formerly Broad Street. On the day of the injury there was clear, glazed ice on the pedestrian plaza near the entrance to Woolworth's store. Todd rode the bus to town that morning. She was aware of some wetness on the ground but unaware of any ice. That same morning Woolworth's manager arrived at the store before Todd. He noticed that it was icy downtown. People were sliding on the ice. He slipped on some ice himself. He assumed there was ice on the pedestrian plaza approach to the store. Todd entered the store by way of Forsyth Street, purchased some food to be eaten later for lunch, and exited the opposite end of the store onto the plaza where she fell on the icy pavement just a few steps away from the door.

Woolworth conceded the place where the injury occurred was an approach to its premises. It contended, however, it had no duty to remove the ice nor to warn Todd of danger because it had no control over the public plaza, part of which was the approach.

The trial court based its judgment on the absence of control over the plaza by Woolworth. Further, the trial court held that even if there was control Todd, as a matter of law, had equal knowledge of the danger and could have discovered the failure of Woolworth to remove the ice or warn her of danger by the exercise of due care for her own safety. But for her active negligence, she could have avoided the passive negligence of Woolworth.

The Court of Appeals based its affirmance on the rule that the owner or occupier of premises abutting a public sidewalk is not liable for injuries arising out of an obstruction on the sidewalk unless he caused or contributed to the obstruction. Earlier decisions were distinguished on the basis the obstructions in those cases were on adjacent *privately* owned land.

1. Our decision is governed by OCGA § 51-3-1 which provides:

Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe.

This statute does not purport to govern every instance of one going upon the land of another. Only where the owner or occupier invites, induces or leads another to come on his land for a lawful purpose is the statute implicated. That circumstance is present in this case with-

out dispute. Our issue lies elsewhere.

Where the owner or occupier invites, induces or leads another to come on his land for a lawful purpose he must use due care to keep the *premises* and *approaches* safe for the invitee's use. Under the statute, premises and approaches are not the same, otherwise the language is redundant. Premises and the approaches to those premises are the two areas the owner must use due care to keep safe.

What constitutes an approach to certain premises is a question with both factual and legal connotations. One cannot have an approach to his premises over lands of another against the will of the other because the law forbids such a trespass. One may have a legal right to use certain land as an approach to his premises but elect not to use it and to use another approach.

It is helpful in order to distinguish premises and approaches to envision an owner, O, who constructs a building covering the entire area of his lot, A. A represents his premises. Let it be assumed A is completely landlocked by adjoining private landowners. O has no approach to A because he has no right to use the lands of others. If O obtains an easement, B, for ingress and egress from and to a public way over the adjoining land of N he then has an approach. Of course, O only has such rights in B as he obtained from N. He may not have the right to construct a concrete walkway along B. But he has the right to use B as a passage and maintain it for that use. Assume A abuts a public sidewalk next to a public street. O has an approach to A over the public sidewalk since he enjoys as much right as other members of the public to use the sidewalk. He may invite customers to approach A over the sidewalk. O may not have the right to reconstruct the sidewalk or even repair it, but he has the right to use it and to remove obstacles interfering with that use, the same as possessed by other members of the public.

We hold an owner or occupier of land has a duty under OCGA § 51-3-1 with regard to the approach to his premises circumscribed by his right in the approach. If his right in the approach is the fee then the duty under OCGA § 51-3-1 is the exercise of due care by one who has the rights of an owner of a fee. He has the widest latitude in the use of the approach and must exercise due care within that framework to keep the approach safe. If his right in the approach is an easement his duty is to use due care toward his invitees in the exercise of his rights under the easement. He has a more limited framework than the owner of a fee. His duty does not require him to do things not permitted under the easement. If the approach is a public way his duty under OCGA § 51-3-1 is to exercise due care within the confines of his right in the public way. His rights in the public way may be quite limited but nonetheless exist.

In the case at hand invitee Todd was injured on what was admit-

tedly an approach to Woolworth's premises. (Here we do not have a factual question as to what physically constitutes the approach. For such a case see *Elmore of Embry Hills v. Porcher*, 124 Ga. App. 418 (183 SE2d 923) (1971).) While Woolworth did not control the approach as an owner, it had the right of any member of the public to remove the ice and had the right to give warning to its customers of the danger of the ice. *Scheer v. Cliatt*, 133 Ga. App. 702 (212 SE2d 29) (1975). Whether it constituted negligence not to do these things was for the jury.

2. The cases relied on by the Court of Appeals holding that an adjacent landowner does not have a duty to maintain a public sidewalk are distinguishable from our holding here. Two of those cases deal with mere pedestrians using the sidewalk as opposed to invitees to premises such as Todd in this case. *Rhodes v. Perlis*, 83 Ga. App. 312 (63 SE2d 457) (1951); *Mason v. Crowe*, 88 Ga. App. 191 (76 SE2d 432) (1953). The third holds that an abutting owner who disturbs the surface of a public sidewalk must exercise due care to maintain it in a safe condition. *Belk-Matthews Co. of Macon v. Thompson*, 94 Ga. App. 331 (94 SE2d 516) (1956).

3. We hold the trial court erred in ruling as a matter of law that Todd had equal or superior knowledge with Woolworth of the danger of the ice. This too was an issue for the jury to determine.

4. We do not reach the issue concerning the effect of the Atlanta City ordinance requiring adjoining landowners to remove snow and ice from sidewalks. Under the status of the case the outcome is dictated by the matters discussed in Division 1, supra.

5. We have considered *Spindel v. Gulf Oil Corp.*, 100 Ga. App. 323 (111 SE2d 160) (1959). It is consistent with our holding here because in *Spindel* there was no showing that the "easement of passage" included the right to remove the rope which was the obstacle at issue there. Nor is it indicated in the opinion of that case that there was any effective way under the circumstances for the defendant to give warning of the obstruction had it tried to do so.

*Scoggins v. Campbellton Plaza Corp.*, 114 Ga. App. 23 (150 SE2d 179) (1966), is distinguished from the case at hand because the issue there was whether the plaintiff was on an approach to the defendant's premises when injured. In our case it is undisputed that Todd was on an approach to Woolworth's store.

*Judgment reversed. All the Justices concur, except Marshall, C. J., and Weltner, J., who dissent.*

WELTNER, Justice, dissenting.

I respectfully dissent.

OCGA § 51-3-1 places upon the owner or occupier of land the duty "to exercise ordinary care in keeping the premises and ap-

proaches safe" with regard to invitees. In this case, the injury did not occur on "the premises," as the invitee fell on land of another, adjacent to the premises. Hence, the issue in the case is the meaning of the term "approaches."

The statute in question came into being as § 3824 of the Civil Code of 1895, and remains unchanged. Viewing the statute in the light of its context, I suggest that, in order to avoid an obvious absurdity, we must understand "premises" to mean property onto which others are invited for specific purposes; and "approaches" to mean that segment of property — owned or occupied by the invitor — that is utilized to enter upon the "premises." Thus, the owner of a very large tract of land may operate, on a small sector of it, a general store. It is to the *store* that the public is invited (and not into every sector of the tract), and, in such a case, it is the landowner's duty to exercise due care in keeping safe that portion of his property through which his customers must *approach* his business premises.

I say that such an interpretation is necessary to avoid absurdity. An old Chinese proverb holds: "A journey of a thousand miles must begin with a single step." And the liability of the invitor, alike, would extend for a thousand miles (or more) to anyone who might come to grief along the way, i.e., along the *approaches*, however distant, that lead, however remotely, to his premises.

We should not impose upon invitors an unknowable and impossible burden for maintaining an undefined circumference of properties, that, being owned by others, are beyond their legal or physical powers to maintain.

I am authorized to state that Chief Justice Marshall joins in this dissent.

DECIDED APRIL 7, 1988 —
RECONSIDERATION DENIED APRIL 27, 1988.

*Leigh R. Bodner,* for appellant.
*Thurbert E. Baker,* for appellee.