67526. PRICE v. FULTON COUNTY COMMISSION et al.

CARLEY, Judge.

Fulton County, Georgia, by and through appellee-Fulton County Commission, (Commission) entered into a contract with appellee-Information America, Inc. (Information America). That contract provided that, in exchange for certain payments, Fulton County would grant to Information America the right to obtain copies of certain public indices and records in the form of machine-readable tapes, as well as the right to obtain copies of certain public information and schedules in typed or printed form. At the time, the vast majority of public information which was the subject of the contract was available to the public only at the Fulton County Courthouse. Under the terms of the contract, Information America would have the right to reproduce the information and to make it available to others for a fee. The information would be disseminated through certain access mechanisms, including a telecommunications network linking Information America's computer facilities to remote terminals.

Following the execution of the contract, the instant declaratory judgment action was instituted by appellant Barbara J. Price individually, as a representative of the citizens of Fulton County, Georgia, and as the duly elected Clerk of the Fulton County Superior Court. Appellant sought a declaratory judgment that the contract between Information America and Fulton County was illegal and void. Appellant and appellees filed motions for summary judgment. The trial court entered an order denying appellant's motion for summary judgment, and granting appellees' motion for summary judgment. Appellant appeals.

1. Appellant asserts that the contract is void and that, for this reason, the trial court erred in its rulings on the parties' respective motions for summary judgment. Appellant contends that the contract is an illegal attempt to control the manner in which the Clerk of the

Fulton County Superior Court performs her duties. The Commission, according to appellant, is without authority to make such a contractual "invasion" of that office.

In support of her argument, appellant relies upon the Constitution of Georgia of 1983, Art. IX, Sec. II, Par. I, entitled "Home Rule for Counties," which grants to the governing authority of each county the power to enact legislation relating to its property, affairs and local government. Subparagraph (c) (7) of this provision states in pertinent part as follows: "The power granted to counties in Subparagraphs (a) and (b) above shall not be construed to extend to the following matters . . . Action affecting any court or the personnel thereof." Appellant thus contends that under the "Home Rule" provisions, the contract illegally "affects" the manner in which the Clerk of the Fulton County Superior Court performs her duties, and is therefore void.

The "Home Rule" provisions concern the power of a county to adopt ordinances, resolutions, or regulations relating to its property, affairs and local government for which no provision has otherwise been made by general law. Subparagraph (c) in turn *prohibits* a county from exercising the legislative powers granted to it is so as to affect any court or the personnel thereof. In the instant case, the Commission did not adopt an ordinance, resolution or regulation, but merely entered into a contract concerning county affairs. " 'In the administration of county affairs county commissioners are vested by law with a broad discretion, and the reviewing power of a judge of the superior court should be exercised with caution, and no interference had unless it is clear and manifest that the county authorities are abusing the discretion vested in them by law.' [Cit.]" *Lovett v. Bussell*, 242 Ga. 405 (249 SE2d 86) (1978).

Furthermore, even if the mere execution of a contract is an "action" contemplated by the "Home Rule" provisions, that "action" in the instant case does not "affect" the manner in which the Clerk of the Fulton Superior Court performs her duties. OCGA § 15-6-61 et seq. establishes the duties of the clerk. Included among the clerk's numerous duties is the responsibility of keeping various docket books, and books for recording deeds, mortgages and other liens, and bills of sale. The clerk must also keep proper indices for such books and dockets. Prior to the execution of the contract at issue, the Clerk of the Fulton Superior Court, in conjunction with the Data Processing Department of Fulton County, initiated a procedure whereby the information contained in the above-mentioned indices would be maintained on machine-readable tapes. Copies of these indices are available for purchase in printed form from the Clerk of the Fulton Superior Court. Some indices, such as the lis pendens index, as well as the various civil court calendars, have not yet been transferred to the computer system. These indices and calendars, as well as their

updates, are compiled and stored in printed form. Copies of these records are available for purchase in printed form.

The contract at issue in no way "affects" these duties of the Clerk of Fulton Superior Court, but contemplates that those duties shall continue to be performed in exactly the same manner. The contract merely allows Information America to obtain copies of certain public indices and records in the form of machine-readable tapes. As previously noted, these indices and records already are being maintained on machine-readable tapes. The evidence shows that the Fulton County Data Processing Department will reproduce these tapes and the updates thereof. The contract also allows Information America to obtain certain public information and schedules in typed or printed form. As stated above, these records, which have not yet been transferred to the county computer system, are presently stored in printed form. The evidence shows that Information America will obtain these printed records in the same manner available to any member of the public at the statutory rate per page. In fact, the only way in which this contract could possibly "affect" the duties of the clerk, is that it contemplates that the clerk will cooperate with Information America if the method of indexing is changed, or if errors are discovered in the records supplied to Information America. However, as a practical matter, such cooperation is no more than would be required of the clerk toward any other member of the public seeking to utilize or photocopy these records. The records kept by the clerk are public records, except as otherwise provided by order of court or by law. Public records are open for personal inspection by any citizen of the state, and any such interested person has the right of access to the records for purposes of making photocopies of the same. See OCGA §§ 50-18-70, 50-18-71.

Furthermore, the contract does not violate OCGA § 15-6-61 (6), which requires that the clerk "keep all the books, papers, dockets and records belonging to his office with care and security." Information America has been granted only a non-exclusive right to obtain machine-readable copies and printed copies of certain records and indices. The clerk will remain the official custodian of these records. The trial court correctly found that the contract was not void as an attempt to control or expand the clerk's duties, and therefore did not err in granting appellees' and in denying appellant's motions for summary judgment on this basis. Cf. *Atlanta Title &c. Co. v. Tidwell*, 173 Ga. 499 (5) (160 SE 620) (1931). Compare *Buck & Spencer v. Collins*, 51 Ga. 391 (1874).

2. Appellant further contends that the contract is illegal because it is allegedly violative of a particular provision of the Fulton County Code. This provision of the Fulton County Code was not pled in the trial court, and this court may not take judicial notice of it. See

OCGA § 24-1-4; *Leger v. Ken Edwards Enterprises*, 223 Ga. 536 (156 SE2d 651) (1967); *Slaughter v. City of LaGrange*, 60 Ga. App. 555 (4 SE2d 410) (1939).

3. Appellant next asserts that the trial court erred in failing to find the contract void because, in violation of OCGA § 50-18-70, it granted to Information America a superior access to the records. The contract at issue clearly grants a non-exclusive right to Information America to purchase the records in the manner provided therein. It does not exclude any other individual or company from access to such records on an equal basis. This enumeration is without merit.

4. Appellant finally contends that the trial court erred in failing to hold that the contract was subject to a valid condition precedent which never occurred. That asserted condition precedent was the receipt by the Commission, prior to its approval to the contract, of a communication of "no objection" from the Fulton County Superior Court judges through the Chief Judge of that court. Appellees argue that appellant lacks standing to raise such an issue. However, even assuming without deciding that appellant does have standing to assert that the contract is void for lack of compliance with a condition precedent, the only evidence of record shows that this condition *was* met. Appellees produced evidence that the Chairman of the Board of Commissioners delayed signing the contract until he was of the firm belief that the requisite expression of "no objection" from the judges had been given. There being no evidence of record to the contrary, the trial court did not err in granting appellee's motions for summary judgment and in denying appellant's motion.

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

DECIDED APRIL 12, 1984 —
REHEARING DENIED APRIL 27, 1984 — 

*Richard B. Eason, Jr., Carolyn J. Kennedy*, for appellant.
*Susan B. Forsling, E. A. Simpson, Jr.*, for appellees.