73649. GOODMAN et al. v. KAHN et al.
(356 SE2d 757)

McMurray, Presiding Judge.

Plaintiffs, Robert and Sharon Goodman, individually and as next friend of their five-year-old daughter, Lyndsey Goodman, brought this action against Eric Kahn and Michael O'Rourke. The complaint was couched in four counts. In Counts 1, 3 and 4, plaintiffs alleged defendants were liable for damages incurred as a result of a dog biting incident involving Lyndsey Goodman and a dog named Sean. The incident was alleged to have occurred on the Goodmans' premises. In Count 2, it was alleged that defendants were liable for the destruction of plaintiffs' cat by another dog named Misty. Defendants answered

the complaint and denied liability. Following discovery, defendant Eric Kahn moved for partial summary judgment upon Counts 1, 3 and 4. The motion was accompanied by the affidavits of O'Rourke and Kahn. In his affidavit, O'Rourke averred that he lives with Kahn in a house in Woodstock, Georgia; that he was the registered owner of Sean; that he was present when Sean bit Lyndsey Goodman; that Kahn did not own Sean and was not the keeper of the dog on the day it bit Lyndsey Goodman; that Kahn was not home on the day in question; and that at the time Sean bit Lyndsey, Kahn did not exercise personal supervision or control over Sean. In his affidavit, Kahn repeated O'Rourke's averments: He averred that he did not own Sean; he was not the keeper of the dog on the day in question; and he in no way exercised supervision or control over Sean on the day it bit Lyndsey Goodman. The trial court granted Kahn's motion for summary judgment upon Counts 1, 3 and 4. Plaintiffs appeal. *Held*:

At the pertinent time, OCGA § 51-2-7 read: "A person who owns or keeps a vicious or dangerous animal of any kind and who, by careless management or by allowing the animal to go at liberty, causes injury to another person who does not provoke the injury by his own act shall be liable in damages to the person so injured." (OCGA § 51-2-7 was amended effective July 1, 1985; Lyndsey was bitten on August 10, 1984.) Conceding that Kahn was not the owner of the dog that bit Lyndsey Goodman, plaintiffs contend Kahn is liable nevertheless because he was a "keeper" of the dog. In this regard, plaintiffs argue that Kahn and O'Rourke, the dog's owner, shared the same house and that at various times, Kahn fed the dog and let him out of the house. (In his deposition, Kahn admits that he kept Sean when O'Rourke went out of town (about six times a year). He averred, however, that he never took care of the dog when O'Rourke was home.) This argument misses the mark. It was the owner of the dog, O'Rourke, who was managing the dog at the critical time. The dog was solely under O'Rourke's supervision when it bit Lyndsey. Kahn was not even home on the day in question. It cannot be said, therefore, that Kahn was the dog's keeper at that time. See *Malloy v. Cauley*, 169 Ga. App. 623, 625 (314 SE2d 464); *Hays v. Anchors*, 71 Ga. App. 280 (1) (30 SE2d 646). Likewise, it cannot be said that Lyndsey was injured because Kahn carelessly managed the dog or allowed it to run free. OCGA § 51-2-7. Moreover, since the incident occurred on the Goodmans' premises, it cannot be said that Kahn was liable as an owner or occupier of land (for his failure to exercise ordinary care in keeping his premises and approaches safe. See OCGA § 51-3-1. Compare *Norman v. Norman*, 103 Ga. App. 626, 631 (6) (120 SE2d 42). The trial court did not err in granting partial summary judgment to defendant Kahn. OCGA § 9-11-56.

In passing, we point out that defendant Kahn did not seek sum-

mary judgment upon Count 2 of the complaint even though Misty, the dog which destroyed plaintiffs' cat, was also owned by O'Rourke. With regard to that claim, the record shows that Kahn was at home when the incident happened and that O'Rourke was not.

*Judgment affirmed. Sognier and Beasley, JJ., concur.*

DECIDED APRIL 28, 1987.

*Sonja L. Salo*, for appellants.
*B. Dean Grindle, Jr., Timothy K. Bonner*, for appellees.