A89A0812. HACKETT v. DAYTON HUDSON
CORPORATION et al.
(382 SE2d 180)

McMURRAY, Presiding Judge.

This is a dog bite case. Plaintiff Hackett was an independent contractor in the business of hauling cardboard for scrap. On April 4, 1986, plaintiff arrived at Brandens, a retail store operated by defendant Dayton Hudson Corporation, to pick up a load of cardboard.

Plaintiff backed his pickup truck to a door at the rear of the store. Then, plaintiff got out of the truck and used the steps to reach the truck bed. He had one foot on the tailgate of the truck and one foot on the steps when he was bitten by a dog.

The dog was owned by defendant Jackson, the General Manager of the Branden's retail store. Defendant Jackson had brought the dog to work because he was having construction work done on his house and did not want to leave the dog at home. The dog was not taken inside the store, but instead, chained outside at the side of the building.

Following discovery, the trial court granted defendant Dayton Hudson Corporation's motion for summary judgment. Plaintiff's motion for summary judgment against both defendants was denied and plaintiff appealed. *Held*:

1. Plaintiff first enumerates as error the grant of summary judgment in favor of defendant Dayton Hudson Corporation. Insofar as plaintiff's action is predicated upon the doctrine of respondeat superior, we find no error in the grant of summary judgment in favor of the corporate defendant. The uncontroverted evidence is that the alleged negligence of defendant Jackson was not done within the scope and course of his employment. Defendant Jackson was not acting to further the business of his employer but to further his own personal and private needs. Under these circumstances the corporate defendant is not liable for its employee's acts. *Wittig v. Spa-Lady*, 182 Ga. App. 689 (356 SE2d 665); *Odom v. Hubeny, Inc.*, 179 Ga. App. 250, 251 (1) (345 SE2d 886); *Southern Bell Tel. &c. Co. v. Sharara*, 167 Ga. App. 665, 667 (2) (307 SE2d 129); *Rubin v. Mikart, Inc.*, 167 Ga. App. 425 (306 SE2d 420).

Plaintiff also contends that he is entitled to a judgment against the corporate defendant predicated upon OCGA § 51-3-1, which provides: "Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." While the incident at issue did not occur on the premises leased by the corporate defendant, there is evidence that it occurred on the "approaches" to the premises as that term is defined in *Todd v. F. W. Woolworth Co.*, 258 Ga. 194 (366 SE2d 674).

"It is the duty of one who invites members of the general public to come to his place of business to protect such customers or invitees from injury caused by misconduct of his own employees in the conduct and scope of his business, and from the misconduct of other persons who come upon the premises . . . If the conduct of such employees outside of the scope of their employment, or of third persons or customers, is such as to cause any reasonable apprehension of danger

to other customers or invitees because of such conduct, it is the duty of the proprietor to interfere to prevent probable injury; and a failure so to interfere, and consequent damage, will subject such proprietor to an action for damages for such negligent failure to prevent the injury . . . This duty of interference on the proprietor's part does not begin until the danger is apparent, or the circumstances are such as would put an ordinarily prudent man on notice of the probability of danger." *Great Atlantic & Pacific Tea Co. v. Cox*, 51 Ga. App. 880 (1, 2, 3) (181 SE 788). The true ground of liability of an owner or occupant of property to an invitee is the proprietor's superior knowledge of a condition that may subject the invitee to an unreasonable risk of harm. *Phillips v. Lindsey*, 184 Ga. App. 728 (362 SE2d 491); *Nalle v. Quality Inn*, 183 Ga. App. 119, 120 (358 SE2d 281).

In the case sub judice, there is uncontroverted evidence that defendant Jackson's superiors with defendant Dayton Hudson Corporation had no knowledge that defendant Jackson had brought his dog to work on the date of the incident until after plaintiff was bitten, that employees of Dayton Hudson Corporation are not allowed to bring their dogs to work and that defendant Jackson was never given permission to bring his dog to work. Additionally, we note the uncontroverted evidence that defendant Jackson had never had any previous problem with the conduct of his dog and that as defendant Dayton Hudson Corporation was not the owner or keeper of the dog it cannot be held liable under OCGA § 51-2-7.

With regard to any claim under OCGA § 51-3-1, there is absolutely no evidence of any superior knowledge upon which to base a finding of defendant Dayton Hudson Corporation's foreseeability of the incident which occurred. Therefore, summary judgment was also correctly granted to defendant Dayton Hudson Corporation under this theory of recovery. *Stanger v. Cato*, 182 Ga. App. 498, 499 (356 SE2d 97); *Clark v. Carla Dress Co.*, 178 Ga. App. 157 (342 SE2d 468) (1986).

2. Plaintiff's action against defendant Jackson is predicated upon OCGA § 51-2-7 which provides: "A person who owns or keeps a vicious or dangerous animal of any kind and who, by careless management or by allowing the animal to go at liberty, causes injury to another person who does not provoke the injury by his own act may be liable in damages to the person so injured. In proving vicious propensity, it shall be sufficient to show that the animal was required to be at heel or on a leash by an ordinance of a city, county, or consolidated government, and the said animal was at the time of the occurrence not at heel or on a leash. The foregoing sentence shall not apply to domesticated fowl including roosters with spurs. The foregoing sentence shall not apply to domesticated livestock."

Plaintiff contends that defendant Jackson's dog was a vicious

animal under OCGA § 51-2-7 by virtue of a leash law provision of "Cobb County Code Section 3-5-9, Control of Animals." However, "the Cobb County Code" provision is not pleaded or proven in the record forwarded by the Clerk of the state court and we may not take judicial notice of it. *Price v. Fulton County Comm.*, 170 Ga. App. 736, 738 (2) (318 SE2d 153). Plaintiff could not prevail in the absence of the statutory presumption under OCGA § 51-2-7 since the uncontroverted evidence was that defendant Jackson's dog had not displayed any vicious propensities prior to biting plaintiff. See *Fitzpatrick v. Henley*, 154 Ga. App. 555, 556 (269 SE2d 60), and *Marshall v. Person*, 176 Ga. App. 542, 543 (336 SE2d 380).

Even if defendant Jackson's dog is established to be vicious or dangerous, additional genuine issues of material fact remain as to whether defendant Jackson was careless in his management of the dog and whether plaintiff exercised reasonable care for his own safety. Defendant Jackson's affidavit states that the dog was chained in an area accessible only by stepping over a 28" high guardrail and which was not an area where people would normally pass. Also, the evidence is unclear as to whether the dog chain was secured or dragging free when plaintiff was bitten. The evidence of record does not establish the plaintiff's entitlement to judgment as a matter of law. Therefore, the trial court did not err in denying plaintiff's motion for summary judgment against defendant Jackson. Compare *Evans-Watson v. Reese*, 188 Ga. App. 292 (372 SE2d 675). Furthermore, in view of our holding in Division 1, the trial court also did not err in denying plaintiff's motion for summary judgment as to defendant Dayton Hudson Corporation.

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED MAY 4, 1989.

*William B. Simpson, Christopher J. McFadden,* for appellant. *MacDougald & Hendon, Andrea J. Grossman,* for appellees. Jim Jackson, *pro se.*