## A92A1613. MOTEL PROPERTIES, INC. v. MILLER.
### (425 SE2d 334)

CARLEY, Presiding Judge.

While an invitee at appellant-defendant's motel facility on Jekyll Island, appellee-plaintiff decided to take a night-time stroll on the beach. Although the beach itself is owned by the State of Georgia, a sidewalk extends from appellant's motel building some 369 feet toward the beach. At 200 feet, the sidewalk crosses appellant's property line and continues toward the beach for 169 feet across property owned by the state. Although the sidewalk does not extend to the water's edge, a sand pathway to the beach begins at the end of the sidewalk. Across the sand pathway, some 27 feet from the end of the sidewalk, there is a line of granite boulders. As appellee walked down the sidewalk toward the beach, there was no sign warning him of the existence of the line of granite boulders and no illumination of the area where those boulders were located. Appellee stepped from the end of the sidewalk and continued along the sand pathway. In the darkness, he stumbled over the granite boulders and was injured. As

the result of his injuries, appellee filed suit against appellant. After discovery, appellant moved for summary judgment on the ground that it had no liability for injuries which were not sustained by appellee on its property. The trial court denied appellant's motion, but certified its order for immediate review. The instant case results from the grant of appellant's application for an interlocutory appeal.

1. "Where the owner or occupier invites, induces or leads another to come on his land for a lawful purpose he must use due care to keep the *premises* and *approaches* safe for the invitee's use. Under [OCGA § 51-3-1], premises and approaches are not the same, otherwise the language is redundant. Premises and the approaches to those premises are the two areas the owner must use due care to keep safe." (Emphasis in original.) *Todd v. F. W. Woolworth Co.*, 258 Ga. 194, 196 (1) (366 SE2d 674) (1988). "Of course, the *premises* must constitute the actual [improvement] and lot of land on which it rests, which is under the actual dominion and control of the owner or occupier. But *approaches* is a more complex and bothersome term and is more difficult of definition." (Emphasis in original.) *Elmore of Embry Hills v. Porcher*, 124 Ga. App. 418, 419 (183 SE2d 923) (1971).

Construing the evidence most favorably for appellee, a genuine issue of material fact remains as to whether he was injured when, after leaving appellant's "premises," he stumbled over granite boulders on the "approaches" to appellant's premises. The sidewalk led directly from appellant's motel building across its property onto the state's property and to the sand pathway and the beach on the other side of the line of granite boulders. A jury would be authorized to find that the entirety of the sidewalk and sand pathway, including that portion on the state's property, was an "approach" between appellant's motel premises and the beach. "[T]he term 'approaches' as used in [OCGA § 51-3-1], refers to the sidewalk or other approach that is directly contiguous, adjacent to, and touching the premises under the control of the owner or occupier." *Elmore of Embry Hills v. Porcher*, supra at 420.

2. "[A]n owner or occupier of land has a duty under OCGA § 51-3-1 with regard to the approach to his premises circumscribed by his right in the approach. . . . If his right in the approach is an easement his duty is to use due care toward his invitees in the exercise of his rights under the easement. He has a more limited framework than the owner of a fee. His duty does not require him to do things not permitted under the easement." *Todd v. F. W. Woolworth Co.*, supra at 196 (1).

The burden was on appellant, as the movant for summary judgment, to show that, in the exercise of its right in the approach between its motel facility and the beach, it used due care toward its invitees. Even assuming that appellant had no right to remove the

granite boulders or to provide a means of access around or over them, a genuine issue of material fact would still remain as to whether appellant had the right to illuminate the granite boulders or to post a warning sign as to their existence. Indeed, the evidence does not negate the possibility that either a source of illumination or a warning sign placed *on appellant's own property* would not have been sufficient to meet appellant's duty of due care to its invitees who were using the sidewalk and sand pathway to travel between its motel building and the beach. "Whether it constituted negligence not to do these things was for the jury." *Todd v. F. W. Woolworth Co.*, supra at 197 (1).

"We have considered *Spindel v. Gulf Oil Corp.*, 100 Ga. App. 323 (111 SE2d 160) (1959). It is consistent with our holding here because . . . it [is not] indicated in the opinion of that case that there was any effective way under the circumstances for the defendant to give warning of the obstruction had it tried to do so." *Todd v. F. W. Woolworth Co.*, supra at 197 (5). In the instant case, it is not indicated that there was no effective way under the circumstances for appellant to give warning of the granite boulders, by placing lighting or a warning sign on either the state's or its own property. Thus, because genuine issues of material fact remain for jury resolution, the trial court correctly denied appellant's motion for summary judgment.

*Judgment affirmed. Pope, J., concurs and also concurs specially. Johnson, J., concurs specially.*

JOHNSON, Judge, concurring specially.

I am constrained to concur with the holding in this case as *Todd v. F. W. Woolworth Co.*, 258 Ga. 194 (366 SE2d 674) (1988) is controlling. However, I find Justice Weltner's dissent in the *Todd* case, which provides a practical and workable method for circumscribing "approaches," compelling.

In all likelihood the boundary line was not known to the plaintiff at the time the action was filed, and it made practical sense to name both the motel and the state as party defendants. During discovery, however, it was learned that the path extended an additional 169 feet across state property before it reached the hazard. It was the state which allowed a path to run into a dangerous condition without erecting either a fence, a warning sign, or illuminating the hazard. It makes more sense to me that the motel's duty would end where the state's begins under the particular facts and circumstances of this case.

Certainly the motel could foresee that seaside vacationers will follow a path to the water, however, and it is foreseeable that some may choose to do so in the dark of night. Following *Todd*, and *Hackett v. Dayton Hudson Corp.*, 191 Ga. App. 442 (382 SE2d 180) (1989),

which holds that the duty of a landowner begins when he is aware of the dangerous condition on his property, or an *approach* thereto, I reluctantly agree that the trial court properly denied Motel Properties' motion for summary judgment.

I am authorized to state that Judge Pope joins in this special concurrence.

DECIDED NOVEMBER 3, 1992 —
RECONSIDERATION DENIED NOVEMBER 19, 1992 

*Forbes & Bowman, Morton G. Forbes, Johnny A. Foster*, for appellant.
*John P. Batson*, for appellee.