**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**March 6, 2014**

# In the Court of Appeals of Georgia

A13A1757. ASKEW et al. v. ROGERS.

RAY, Judge.

This case arises out of injuries sustained by Earnestine Rogers when she fell during an attempt to get away from a pitbull owned by Shelah and Eddie Askew. Rogers filed a motion for partial summary judgment on the issue of negligence against the Askews, which the trial court granted. Finding that an issue of material fact exists as to whether the dog was carelessly managed under OCGA § 51-2-7 at the time of the incident, we reverse the order of the trial court and remand the case for trial.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law[.]" OCGA § 9-11-56 (c).

> On appeal from the grant of summary judgment, this Court conducts a de novo review of the evidence to determine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.

(Citation omitted.) *Bomia v. Ben Hill County School District*, 320 Ga. App. 423, 423 (740 SE2d 185) (2013).

So viewed, the record shows that the Askews had a pitbull that spent most of its time in a cage located in the back of their house. After arriving home from work around 4:00 p.m., Shelah Askew let the dog out of his cage for a few minutes and then placed him back inside the cage and went into the house. Around 7:30 p.m., Rogers went on an evening walk in her neighborhood when she passed by the Askews' home. As Rogers was passing by the Askews' yard, she noticed the dog outside of his cage. Rogers was initially not afraid of the dog because she had seen him before and he had always been on a leash. Rogers then noticed the dog running towards her, and she yelled for Shelah Askew, who was coming out of her back door, to come get the dog. Rogers began to run away, but the dog caught up to her at the

2

end of the Askew's driveway. The dog jumped up, put his two front paws on her chest, then slid down, growled at her, and nipped her on her right thigh. During this time, Shelah Askew ran towards Rogers and called the dog's name, but the dog did not obey her. Shelah Askew managed to grab hold of the dog's collar, and as Rogers was trying to get away from the scene, she fell in the Askews' driveway and injured her wrist.

Shelah Askew deposed that the dog had never before escaped from his cage and that she was not sure how he had escaped on this occasion, but that it was possible that she had forgotten to lock the cage's door. It was undisputed that the dog was not on a leash at the time of the incident.

Following the incident, an investigator with Animal Control issued a citation for violation of the Tifton/Tift County Animal Control Ordinance, which the Askews paid. The Animal Control officer further stated in her affidavit that this was not the only occasion on which the Askews' dog had been allowed to roam free, as a few months earlier the dog "ran out in the street in front of [the officer's] vehicle causing [her] to strike it."

Rogers filed a motion for partial summary judgment as to the issue of negligence, which the trial court granted, claiming that the Askews violated the

3

applicable animal control ordinance and OCGA § 51-2-7 and, thus, were negligent as a matter of law. The Askews appeal from the trial court's grant of partial summary judgment to Rogers, arguing that an issue of material fact existed regarding whether the Askews "carelessly managed" their dog. We are constrained to agree.

OCGA § 51-2-7, which governs an owner's liability for injuries caused by vicious animals, provides in pertinent part that

> [a] person who owns or keeps a vicious or dangerous animal of any kind and who, by careless management or by allowing the animal to go at liberty, causes injury to another person who does not provoke the injury by his own act may be liable in damages to the person so injured. In proving vicious propensity, it shall be sufficient to show that the animal was required to be at heel or on a leash by an ordinance of a city, county, or consolidated government, and the said animal was at the time of the occurrence not at heel or on a leash.

Thus, under this code section, a plaintiff must show that (a) the owner carelessly managed or allowed the animal to go at liberty; (b) that the animal was vicious or that the animal was unrestrained at the time and place of the injury in violation of the local ordinance requiring such restraint; *and* (c) the animal caused injury. See *Hackett v. Dayton Hudson Corp.*, 191 Ga. App. 442, 445 (2) (382 SE2d 180) (1989).

Rogers contends that the dog was a vicious animal due to the violation of §14:14 of the Tifton/Tift County Animal Control Ordinance #2004-029, captioned "Leash Law."[1] However, even assuming that the dog was a vicious animal due to the violation of the Leash Law, we find that a genuine issue of material fact remains as to whether either of the Askews were careless in their management of the dog at the time of the incident. The Askews' evidence, which must be taken in the best light, shows that Eddie Askew was not in town on the date of the incident and witnessed no portion of the incident. It further shows that Shelah Askew let the dog out of his cage for a few minutes after returning home from work earlier that afternoon. However, Shelah Askew stated that she placed the dog back in the cage. Although Shelah Askew opined that it was possible that she accidentally failed to lock the cage after placing the dog back inside, she further explained that the dog had never

_____

[1] Tifton/Tift County Animal Control Ordinance #2004-029, 14:14 provides in pertinent part, as follows: "It shall be unlawful for the owner of any animal . . . to fail to maintain control of an animal or to allow it to run at large unattended on or about the streets, highways, and right-of-way of the County or City[.]" "Control of an animal" is defined in the Tifton ordinance as follows: "(1) On a leash which is being held by a person of sufficient size, age, and maturity to restrain the animal; (2) Under voice control in the presence of a competent person; . . . [or] (4) Within the property limits of its owner or custodian. . ." Id. at § 14-2.

5

escaped from his cage before and that she did not let him out of the cage when the incident occurred.

Shelah Askew's speculative statement that it was possible that she had forgotten to lock the cage is insufficient to show that she was careless in her management of the dog as a matter of law. In light of the fact that Eddie was uninvolved with the dog's care on the relevant date and in light of Shelah Askew's testimony, Rogers has not established as a matter of undisputed fact that the dog escaped as a result of the Askews' careless management. "On summary judgment, an inference cannot be based upon evidence which is too uncertain or speculative or which raises merely a conjecture or possibility." (Citation and punctuation omitted.) *Harper v. Robinson*, 263 Ga. App. 727, 728 (1) (589 SE2d 295) (2003). See also, *Evans-Watson v. Reese*, 188 Ga. App. 292, 293-294 (372 SE2d 675) (1988) (finding, on appeal from grant of defendant dog owner's motion for summary judgment, that dog owner's testimony that a dog was securely chained behind a closed fence was insufficient to show as a matter of law that she had adequately chained the dog or took precautions that the dog would not be inadvertently let out of the yard by others opening the gate); *Hackett,* supra at 445 (2) (finding that a genuine issue of material

6

fact existed regarding whether defendant dog owner carelessly managed his dog in spite of defendant's affidavit that dog was properly chained up prior to attack).

Accordingly, we find that the trial court erred in finding that the evidence of record established Roger's entitlement to judgment as a matter of law.

2. In light of our holding in Division 1, we need not address the Askews' remaining enumerations of error.

*Judgment reversed and case remanded. Barnes, P. J., concurs, and Miller, J., concurs in judgment only.*