**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 19, 2015**

# In the Court of Appeals of Georgia

A14A2330. COWAN et al. v. CARILLO et al.

MILLER, Judge.

After their minor children E. G. and Y. G. were bitten by a pit bull, Rafaela Carillo and Ernesto Gurrola (collectively, "the Plaintiffs") filed suit against Daniel Cowan and Sarah Arechiga, the owners of the dog.[1] The trial court granted partial summary judgment to the Plaintiffs, finding that there was no material question of fact as to whether the dog was properly restrained under OCGA § 51-2-7. A jury then returned a verdict in favor of the Plaintiffs. Cowan and Arechiga appeal, contending that the trial court erred in finding that they were negligent under OCGA § 51-2-7 and by instructing the jury that the only issue for determination was damages, because the

---

[1] The Plaintiffs also sued the landlords of the apartment complex where the incident occurred, but the jury returned a verdict in favor of the landlords.

trial court had only granted partial summary judgment to the Plaintiffs as to one element of their cause of action. Cowan and Arechiga also contend that the jury's calculation of damages was not supported by the evidence. We reverse because the trial court erred by removing the question of whether the defendants carelessly managed the dog from the jury's consideration.

Viewed in the light most favorable to the jury's verdict,[2] the trial evidence shows that the Plaintiffs rented Unit 2-B of an apartment duplex in Lilburn, and Cowan and Arechiga rented Unit 2-A next door. The units shared a common front yard. Shortly after moving in, the Plaintiffs discovered that Cowan and Arechiga owned a pit bull. The Plaintiffs would see the pit bull outside the apartment, sometimes unrestrained, and the dog would growl at them. One time, when the dog escaped, Arechiga had to run after it. The Plaintiffs complained to their landlords about the pit bull because they felt unsafe, and they brought their children inside when they saw the dog.

On February 27, 2011, E. G. and Y. G. were playing outside, and E. G. returned home to get a drink of water. At the time, Cowan had two guests at the apartment who

---

[2] *Turner Broadcasting System, Inc. v. McDavid*, 303 Ga. App. 593, 593-594 (693 SE2d 873) (2010).

had gone outside to smoke. Cowan's guests had failed to properly shut the apartment's front door, and the pit bull was able to get out of the apartment. After drinking some water, E. G. ran out of the front of his apartment, and the pit bull then attacked him. Arechiga, who had just returned home, attempted to control the pit bull and yelled for Cowan to come outside to control the dog. The pit bull took off running and subsequently bit Y. G. The children were taken to a hospital for their injuries.

After the Plaintiffs filed the instant suit, they moved for partial summary judgment on the ground that the pit bull was a vicious or dangerous animal under OCGA § 51-2-7 because it was not properly restrained as required by local county ordinances. The trial court granted the Plaintiffs' motion, finding that there was no genuine issue of material fact as to whether the pit bull was properly restrained. The trial court's order was not appealed, and the case proceeded to trial.

Following the presentation of evidence, Arechiga moved for a directed verdict, arguing that there was no evidence that she had any role in letting the dog escape the apartment. The trial court denied Arechiga's motion, concluding that there was a factual question as to whether Arechiga carelessly managed the pit bull. The trial court then instructed the jury that, as to Arechiga and Cowan, it had already decided

3

that they were negligent because the pit bill was not properly restrained and that the jury was only to calculate the amount of damages. Arechiga and Cowan objected to the trial court's instruction, arguing that the trial court had previously found only that the pit bull was not properly restrained. The jury returned a verdict in favor of the Plaintiffs in the amount of $150,000, apportioned equally between Arechiga and Cowan. This appeal ensued.

1. In related enumerations of error, Arechiga and Cowan contend that the trial court erred in concluding that they were negligent under OCGA § 51-2-7 and in taking this issue away from the jury's consideration because the trial court's order granting partial summary judgment found only that the pit bull was not properly restrained and made no ruling as to whether the dog was carelessly managed. We agree.

Under OCGA § 51-2-7,

[a] person who owns or keeps a vicious or dangerous animal of any kind and who, by careless management or by allowing the animal to go at liberty, causes injury to another person who does not provoke the injury by his own act may be liable in damages to the person so injured. In proving vicious propensity, it shall be sufficient to show that the animal was required to be at heel or on a leash by an ordinance of a city, county, or consolidated government, and the said animal was at the time of the occurrence not at heel or on a leash.

4

Consequently, under this Code section, a plaintiff must show that (1) the owner carelessly managed or allowed the animal to go at liberty; (2) the animal was vicious or unrestrained at the time of the injury in violation of a local ordinance requiring such restraint; and (3) the animal caused the injury. See *Hackett v. Dayton Hudson Corp.*, 191 Ga. App. 442, 445 (2) (382 SE2d 180) (1989); see also *Askew v. Rogers*, 326 Ga. App. 24, 26 (1) (755 SE2d 836) (2014) (physical precedent only). OCGA § 51-2-7 relieves a plaintiff from producing evidence of a dog's vicious propensity based on evidence of a violation of an ordinance that requires a dog to be at heel or on a leash. See *Stennette v. Miller*, 316 Ga. App. 425, 427 (1) (729 SE2d 559) (2012); *Huff v. Dyer*, 297 Ga. App. 761, 763 (1) (678 SE2d 206) (2009).

(a) In this case, it is undisputed that the pit bull was not properly restrained as required by section 10-29 of Gwinnett County's animal control ordinance.[3] Evidence

---

[3] That ordinance provides,

A dog is considered not under restraint or control when it is running at large, whether wearing a collar and tag or not. Reasonable care and precautions shall be taken to prevent the dog from leaving the real property limits of its owner, possessor, or custodian, and to ensure that: (1) It is securely and humanely enclosed within a house, building, fence, pen or other enclosure out of which it cannot climb, dig, jump, or otherwise escape on its own volition, and that such enclosure is securely located at any time the animal is left unattended; or (2) It is securely and humanely restrained by an invisible containment system. If using an

5

establishing that Cowan and Arechiga were in violation of Gwinnett County's leash law, however, only relieved the Plaintiffs from having to show that the owners had knowledge of the dog's vicious propensity. See *Stennette*, supra, 316 Ga. App. at 427 (1); *Huff*, supra, 297 Ga. App. at 763 (1). Under OCGA § 51-2-7, the Plaintiffs still had to establish that the owners carelessly managed the pit bull or allowed the animal to go at liberty. See *Hackett*, supra, 191 Ga. App. at 445 (2). Here, there was no evidence that Cowan or Arechiga personally allowed the pit bull to run free on the day in question, because the evidence showed that Arechiga was not at home when the dog escaped and Cowan's guests had allowed the dog to escape when they failed to properly close the apartment's front door. Consequently, the Plaintiffs had to establish careless management. See *Goodman v. Kahn*, 182 Ga. App. 724, 725 (356 SE2d 757) (1987).

---

invisible containment system, a sign must be posted on the property indicating that the system is in place; or (3) It is on a leash and under the control of a competent person, or it is off leash and obedient to and under voice command of a competent person who is in the immediate proximity of the dog any time it is not restrained as provided for in subsection (1) or (2) above while on the owner's property.

Gwinnett County Municipal Code § 10-29.

6

The Plaintiffs argue that, in granting partial summary judgment to them, the trial court implicitly found that Cowan and Arechiga carelessly managed the pit bull. That issue, however, was not presented to the trial court in Plaintiffs' motion for partial summary judgment. In their motion, the Plaintiffs argued only that Cowan and Arechiga were strictly liable because their pit bull was not properly restrained pursuant to the Gwinnett County animal control ordinance,[4] but they made no argument regarding careless management. Had the trial court ruled on summary judgment that Arechiga and Cowan carelessly managed the dog, such a ruling would have been erroneous because there is no evidence that the defendants had notice and an opportunity to respond on that issue. See *Hodge v. SADA Enterprises, Inc.*, 217 Ga. App. 688, 690 (458 SE2d 876) (1995) (where an issue is not raised in movant's motion for summary judgment, the trial court may not sua sponte grant summary

---

[4] The strict liability standard for dog biting has long been abolished. See *Hamilton v. Walker*, 235 Ga. App. 635, 636-637 (510 SE2d 120) (1998). Under current Georgia law, an owner's negligence is presumed when an individual is attacked by an animal that is ferae naturae, such as a lion, tiger, or bear. See *Harper v. Robinson*, 263 Ga. App. 727 (1) (589 SE2d 295) (2003). A dog is not considered ferae naturae, but rather is a domestic animal. Id. at 728 (1). Therefore, an owner is not presumed negligent when his or her dog attacks a person.

judgment unless the non-movant is given full and fair notice and opportunity to respond to the issue prior to entry of summary judgment).

The parties clearly contemplated that the negligence issue had not been fully resolved because the pre-trial order expressly mentioned that the defendant's negligence under OCGA § 51-2-7 was an issue for the jury to determine. "Once entered, the pretrial order controls the subsequent course of the action unless modified at the trial to prevent manifest injustice." (Citation and punctuation omitted.) *Williams v. Martin*, 273 Ga. App. 562, 564 (1) (615 SE2d 774) (2005). Additionally, following the presentation of the trial evidence, the trial court determined that the jury still needed to resolve the careless management issue when it denied Arechiga's motion for a directed verdict, in which she argued that she did not carelessly manage the dog because she was not at the residence when the dog escaped.

Notwithstanding its rulings that there were unresolved questions of fact concerning careless management, the trial court removed the issue from the jury's consideration by instructing the jury that it had already found that Arechiga and Cowan were negligent for not properly restraining the pit bull. This instruction was erroneous because a finding of negligence under OCGA § 51-2-7 requires more than

8

a showing that the animal was not properly restrained. See *Hackett*, supra, 191 Ga.

App. at 445 (2).

(b) The trial court's erroneous instruction was prejudicial because it effectively

granted a directed verdict in favor of the Plaintiffs on the issue of careless

management and allowed the jury to determine only the amount of damages.

> A directed verdict is authorized only where the evidence, with all reasonable deductions and construed in favor of the non[-]movant, demands a particular verdict. But where any evidence or some evidence exists to support a jury issue on the non-movant's claims, a directed verdict is improper. This Court conducts a de novo review on appeal from the grant of a directed verdict, and we will uphold a directed verdict only if all of the evidence demands it.

(Citations and punctuation omitted.) *Sun Nurseries, Inc. v. Lake Erma, LLC*, 316 Ga.

App. 832, 835 (730 SE2d 556) (2012).

Here, the evidence did not demand a finding that Cowan and Arechiga

carelessly managed the dog. Viewing the evidence in their favor, the evidence shows

that Cowan's guests allowed the dog to escape the apartment when they failed to

properly shut the front door. With respect to Arechiga, it is undisputed that she was

not at home when the pit bull escaped from the apartment and attacked E. G.

However, there is also evidence showing that the dog had previously escaped from

Arechiga's and Cowan's apartment and that the defendants had also let the dog leave

9

the apartment unrestrained. In light of this conflicting evidence, there is a question of fact as to whether Cowan and Arechiga carelessly managed the pit bull. See *Evans-Watson v. Reese*, 188 Ga. App. 292, 293-294 (372 SE2d 675) (1988) (where owner's daughter opened a gate that allowed the dog to escape the yard, questions of fact remained as to whether owner carelessly managed dog because the evidence did not conclusively establish that the owner took measures to ensure that the dog would not be let out of the yard by people normally opening the gate). Compare *Goodman*, supra, 182 Ga. App. at 725 (holding that roommate of dog owner could not have carelessly managed the dog because the owner was managing the dog at the time of the dog biting incident). While a jury would have been authorized to conclude that Cowan and Arechiga carelessly managed the dog under the circumstances, the evidence did not demand such a finding.

Consequently, the trial court's instruction that Cowan and Arechiga were negligent under OCGA § 51-2-7 based solely on the fact that they did not properly restrain the pit bull was a misstatement of the law. This error cannot be considered harmless because the jury did not have an opportunity to consider the primary issue of whether Cowan and Arechiga carelessly managed the dog. See *Pendarvis Constr. Corp. v. Cobb County-Marietta Water Auth.*, 239 Ga. App. 14, 17 (2) (520 SE2d 530)

(1999) (reversing judgment entered upon jury verdict where the trial court's substantially erroneous jury charge went to a primary issue in the case and was, therefore, prejudicial). Accordingly, Cowan and Arechiga are entitled to a new trial.

2. In light of our holding in Division 1, we need not address Cowan's and Arechiga's remaining enumerations of error.

*Judgment reversed. Doyle, P. J., and Dillard, J., concur.*