**FOURTH DIVISION**
**DILLARD, C. J.,**
**RAY, P. J. and SELF, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**November 3, 2017**

# In the Court of Appeals of Georgia

 A17A1779. MYERS v. OGDEN.

SELF, Judge.

After he was bitten on the hand by a dog, John Ogden filed suit against the dog's owner, Katie Myers. Ogden filed a motion for partial summary judgment on the issue of negligence per se, which the trial court granted. Finding that an issue of fact exists as to whether the dog was carelessly managed under OCGA § 51-2-7 at the time of the incident, we reverse the order of the trial court.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law[.]" OCGA § 9-11-56 (c). On appeal from a grant or denial of summary judgment, we conduct a de novo review "and we view the

evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant." (Citation omitted.) *Matta-Troncoso v. Tyner*, __ Ga. App. __, 2017 Ga. App. LEXIS 449, at *7, n. 1 (__ SE2d __) (Case No. A17A0734, decided Oct. 4, 2017). So viewed, the record shows that Myers was walking her 80-pound dog in Piedmont Park on the morning of June 25, 2015. Myers is six feet tall and weighs 165 pounds, and was walking the dog on a two-foot long leash attached to a standard nylon collar. At the same time, Ogden was supervising the unloading of audio equipment from a truck for a concert in the park. As Myers and the dog walked beside the truck towards the front of the cab where Ogden was standing, the dog lunged forward and bit Ogden on the hand. Myers did not see Ogden until the bite occurred.

Myers deposed that she was able to pull the dog back from Ogden after the bite occurred, but was not able to restrain him from biting Ogden in the split second the dog lunged; that she is physically capable of restraining the dog; and that the dog reacted in an instinctual and protective manner when he saw Ogden, which was not a behavior the dog had ever displayed before. Following the incident, a City of Atlanta police officer issued an arrest citation to Myers for violation of a city

2

ordinance by "hav[ing] dog on a leash[;] however the dog was able to bite victim on his left hand."

Ogden filed a motion for partial summary judgment on the issue of negligence per se, claiming that Myers violated a county ordinance (Fulton County Code Section 34-205).[1] The trial court granted the motion "as to the limited issues of duty and breach of duty under [the Fulton County Code Section.]" Myers appeals, arguing that an issue of material fact exists as to whether the dog was under the control of a competent person at the time of the incident. Ogden contends that the trial court's ruling was correct because Myers admitted that she violated the county ordinance by failing to keep her dog under control and that "if [Myers] had competently controlled her dog, [the] dog would not have been able to bite [Ogden]."

OCGA § 51-2-7 provides that,

> [a] person who owns or keeps a vicious or dangerous animal of any kind and who, by careless management or by allowing the animal to go at liberty, causes injury to another person who does not provoke the injury by his own act may be liable in damages to the person so injured. In

---

[1] Ogden also argued that Myers violated "Atlanta City Ordinance Sec. 110-70 (c)" by walking her dog in a restricted area of the park. The trial court rejected this ground, finding no evidence that "[Ogden] was within the class of persons to be protected under [the] ordinance or that a dog bite was within the harms to be protected against."

proving vicious propensity, it shall be sufficient to show that the animal was required to be at heel or on a leash by an ordinance of a city, county, or consolidated government, and the said animal was at the time of the occurrence not at heel or on a leash.

Pursuant to this Code section, "a plaintiff must show that (1) the owner carelessly managed or allowed the animal to go at liberty; (2) the animal was vicious or unrestrained at the time of the injury in violation of a local ordinance requiring such restraint; and (3) the animal caused the injury." (Citation, punctuation, and footnote omitted.) *Matta-Troncoso*, supra, at *7. The county ordinance at issue in this case provides as follows:

It shall be unlawful for the owner, custodian or harborer of any dog to allow or permit such dog to leave the premises of the owner or other person having custody of the dog unless such dog is securely under leash; said leash being not more than six-feet long, and under the control of a competent person.

Fulton County Code § 34-205.

Ogden contends that Myers admitted to violating the county ordinance by failing to keep her dog under control and that "if [Myers] had competently controlled her dog, [the] dog would not have been able to bite [Ogden]." In its order granting partial summary judgment, the trial court found "that there has been a violation of the

4

ordinance because the dog was not *under the control* of the Defendant at the moment when he lunged toward [Ogden]." (Emphasis in original.) Accepting this reasoning, however, effectively means that every plaintiff in a dog bite case would prevail on the issue of duty and breach of duty. In a similar case, *Askew v. Rogers*, 326 Ga. App. 24 (755 SE2d 836) (2014) (physical precedent only), the defendants' dog escaped from his cage in the backyard, ran after the plaintiff who was on an evening walk, jumped on her and growled, and then nipped the plaintiff on her thigh. Id. at 25. One of the defendants opined that she may have forgotten to lock the dog's cage. The trial court granted summary judgment to the plaintiff, finding that the defendant's speculative statement about failing to lock the cage showed that "she was careless in her management of the dog as a matter of law." Id. at 26 (1). We reversed, finding that "even assuming that the dog was a vicious animal due to the violation of the [Tifton/Tift County] Leash Law, . . . a genuine issue of material fact remains as to whether either of the [defendants] were careless in their management of the dog at the time of the incident." Id.

In this case, Ogden has not established as a matter of undisputed fact that the dog bit him because of Myers' careless management. On the contrary, evidence that the dog was on a two-foot leash shows that Myers was in full compliance with the

5

ordinance's leash requirement. Moreover, given Myers' size, her testimony that she is physically capable of restraining the dog, and the absence of any evidence that the dog had a history or propensity for vicious behavior, it is for a jury to decide whether Myers carelessly managed the dog at the time it bit Ogden. See *Cowan v. Carillo*, 331 Ga. App. 387 (771 SE2d 86) (2015) (trial court erred in removing from the jury's consideration question of whether defendants carelessly managed dog that attacked plaintiffs' children). Accordingly, we find that the trial court erred in granting partial summary judgment to Ogden.

*Judgment reversed. Dillard, C. J., and Ray, P. J., concur*.