**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BROWN and MARKLE, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**May 5, 2023**

# In the Court of Appeals of Georgia

A23A0052. CORNEJO v. ALLEN.

McFADDEN, Presiding Judge.

Efren Cornejo appeals the trial court's grant of a defense motion for summary judgment in this personal injury action. In his complaint, Cornejo alleged that he was injured when he fell while trying to escape from Cory Allen's dog, "Libei," when the dog charged at him. The day before, Libei had jumped on, scratched, and bitten Cornejo in Allen's presence.

The trial court granted summary judgment to Allen on Cornejo's claims for strict liability and negligence. We affirm as to strict liability, because Georgia does not impose strict liability upon dog owners. But we reverse as to negligence, because there exists a genuine issue of material fact regarding whether Allen knew of Libei's vicious propensity.

1. *Facts and procedural history.*

"On appeal from a ruling on a motion for summary judgment, we conduct a de novo review, viewing the evidence in the record and all inferences therefrom in the light most favorable to the nonmoving party." *Tyner v. Matta-Troncoso*, 305 Ga. 480, 481 (1) (826 SE2d 100) (2019).

So viewed, the evidence shows that on the evening of February 16, 2019, Cornejo was socializing with a friend around a fire in his backyard. Allen, who lived next door, came over with his wife, his daughter, and Libei, a dog that Allen recently had acquired when his wife took the dog from another person's yard because the dog was being neglected. Cornejo had not previously seen or interacted with the dog.

Libei was not on a leash, and as Cornejo brought wood to the fire, Libei jumped on him and scratched his hand. Then, when Cornejo began splitting more wood, Libei attacked and bit him.

Allen knew Libei had bitten Cornejo and knew that Cornejo "wanted [him] to get rid of the dog." He immediately discussed the situation with his wife and the next day, February 17, 2019, Allen told Cornejo that he was going to find the dog a new home.

Later in the afternoon on February 17, Cornejo went outside to feed his own dog. Libei was alone in Allen's yard, about 50 to 60 feet away, and she began barking and running straight at Cornejo, coming onto his property. Cornejo began to run toward his truck to fetch a gun to defend himself. As he was running, Cornejo slipped and fell in his concrete driveway, injuring his shoulder. Libei stopped in Cornejo's driveway, about ten feet away from him, when Cornejo fell; then the dog returned to Allen's yard. Allen returned home shortly afterward and Cornejo told him that Libei had charged him, causing him to slip and fall.

Cornejo brought claims for strict liability and negligence against Allen, seeking to recover for the injuries he incurred when he fell in his driveway on February 17. In later filings he clarified that he did not seek to recover for any of Libei's actions on February 16, when the dog bit him.

Allen moved for summary judgment on both the strict liability and negligence claims. The trial court granted the motion, holding that Georgia does not recognize strict liability for the acts of a dog and that there was no evidence that Allen knew of the dog's vicious propensity.

2. *Strict liability.*

3

Although Cornejo enumerates the entire summary judgment ruling as error, he does not make any arguments or cite any authority pertaining to the grant of summary judgment on his claim for strict liability. See Georgia Court of Appeals Rule 25 (d) (1) ("Any enumeration of error that is not supported in the brief by citation of authority or argument may be deemed abandoned."). Moreover, Georgia does not impose strict liability upon dog owners for injuries caused by their dogs. See *Cowan v. Carillo*, 331 Ga. App. 387, 390 (1) (a) n. 4 (771 SE2d 86) (2015) ("[t]he strict liability standard for dog biting has long been abolished"), disapproved in part on other grounds by *S&S Towing & Recovery v. Charnota*, 309 Ga. 117, 122 (2) n. 6 (844 SE2d 730) (2020). So we affirm the grant of summary judgment as to the claim for strict liability.

3. *Negligence.*

(a) *The owner's knowledge of the dog's vicious propensity.*

Our Code imposes liability upon "[a] person who owns or keeps a vicious or dangerous animal of any kind and who, by careless management or by allowing the animal to go at liberty, causes injury to another person who does not provoke the injury by his own act. . . ." OCGA § 51-2-7. For purposes of summary judgment Allen does not appear to dispute that the dog was, in fact, vicious or dangerous. Instead, he

4

argues there is no evidence that he knew of the dog's vicious propensity. See *S & S Towing & Recovery*, 309 Ga. at 122 (2) (OCGA § 51-2-7 requires a plaintiff to prove scienter, which can be done "by showing that the owner had knowledge of the animal's vicious propensity as defined by the common law"); *Torrance v. Brennan*, 209 Ga. App. 65, 66 (1) (432 SE2d 658) (1993) (a dog's dangerous character and a defendant's knowledge of that dangerous character are separate issues).

For a genuine issue of fact to exist regarding Allen's knowledge of the dog's vicious propensity, there must be evidence that Allen had "reason to know of the dog's propensity to do harm of the type which it inflict[ed]." *Steagald v. Eason*, 300 Ga. 717, 719 (797 SE2d 838) (2017) (citation and punctuation omitted). "A dog owner is liable for damages only if the owner has knowledge that the dog has the propensity to do the particular act which caused injury to the complaining party. A plaintiff must show that the dog had the propensity to do the act and that the owner had knowledge of that propensity." *Weinstein v. Holmes*, 344 Ga. App. 391, 394 (810 SE2d 320) (2018) (citation and punctuation omitted). "But this does not mean an incident involving the exact same conduct and the exact same injury must actually occur before [Allen's] knowledge may be inferred. Rather, to infer the requisite knowledge, there must [have been] at least one incident that would cause a prudent

5

person to anticipate the event which actually occurred." *Steagald*, supra at 720 (citations and punctuation omitted).

Here there is evidence of two incidents in which Libei displayed aggressive behavior toward Cornejo: the biting incident on February 16 when, in Allen's presence, Libei jumped on, scratched, and bit Cornejo; and the charging incident on February 17 when Libei charged at Cornejo, barking and running to within ten feet of him before stopping when he fell. Allen argues that the two incidents are so dissimilar that a jury could not infer from the earlier biting incident that Allen had the requisite knowledge to hold him liable for the injuries Cornejo sustained in the later charging incident. He characterizes the biting incident as an unusual circumstance in which the dog was provoked by Cornejo's act of chopping wood and the charging incident as merely Cornejo's "overreacti[on] to the presence of a dog engaging in doggy behavior."

Certainly, a jury might agree with Allen's characterizations of these incidents and conclude that the February 16 biting incident "involved such different circumstances that they could not have put [him] on notice [that Libei might again act aggressively toward Cornejo]. . . . [B]ut we do not think it so clear that we might reach the same conclusion *as a matter of law*." *Steagald*, 300 Ga. at 721 n. 4

(emphasis in original). Cornejo described the biting incident as an "attack." And a jury could reasonably conclude, from Cornejo's description, that the charging incident amounted to an attempted attack.

Our Supreme Court has held that evidence of an attempted bite can put a dog's owner on notice of the dog's propensity to bite. *Steagald*, 300 Ga. at 721. The inverse is also true. Because there is evidence in this case that Allen knew his dog had previously attacked Cornejo, that evidence may be sufficient to put Allen on notice that the dog might again try to attack Cornejo. The fact that the dog did not succeed in the attempt does not matter where, as here, there is evidence that Cornejo was injured while trying to escape the attack. See *Green v. Wilson*, 333 Ga. App. 631 (773 SE2d 872) (2015) (physical precedent only) (reversing grant of summary judgment in case where plaintiff was injured while running from aggressive dog); *Evans-Watson v. Reese*, 188 Ga. App. 292 (372 SE2d 675) (1988) (same).

In his appellate brief, Allen cites several cases in which we held that a dog owner lacked the requisite knowledge of a dog's violent propensities. Those cases are factually distinguishable. See, e. g., *Wade v. American Nat. Ins. Co.*, 246 Ga. App. 458, 461 (1) (540 SE2d 671) (2000) (no evidence that the dog's owners had any knowledge that the dog "had ever attempted to attack another animal or human");

7

*Clark v. Joiner*, 242 Ga. App. 421, 423 (2) (530 SE2d 45) (2000) (no evidence that the dog had ever bitten anyone before or had a tendency to attack humans); *Rowlette v. Paul*, 219 Ga. App. 597, 599 (466 SE2d 37) (1995) (finding no evidence that a dog's owners "were on notice that the dog would launch an unprovoked attack on a stranger coming into the yard" where the dog had never growled at or attacked anyone, aside from one incident in which the dog, startled out of sleep by "banging" on a porch, had bitten a person who was wearing a dust mask and hat at the time); *McNair v. Jones*, 137 Ga. App. 13, 14 (2) (223 SE2d 27) (1975) (evidence that people would "run" when a particular dog "got loose" did not show that the dog's owner knew the dog had a propensity to chase vehicles). These cases do not compel us to conclude that, as a matter of law, the incident in which Libei attacked and bit Cornejo on February 16 would not "cause a prudent person to anticipate the actual event that caused the injury[,]" Libei's act of charging at Cornejo on February 17. *Steagald*, supra at 720 (citation and punctuation omitted).

(b) *Contributory negligence and assumption of the risk.*

Cornejo also argues in his appellate brief that there are genuine issues of material fact as to two alternative grounds that Allen argued to the trial court in support of his motion for summary judgment: contributory negligence and assumption

8

of the risk. Allen appears to have abandoned those grounds on appeal; he offers no argument or citation to authority in support of them and instead argues that we should *not* address them. So we decline to consider whether either contributory negligence or assumption of the risk provides a basis for affirming the grant of summary judgment under the right-for-any-reason rule. See generally *Hardin v. Hardin*, 301 Ga. 532, 537 (801 SE2d 774) (2017) (noting that application of the right-for-any-reason rule is discretionary).

*Judgment affirmed in part and reversed in part. Brown and Markle, JJ., concur.*